Vincenzo BURRAFATO and Antonina
Burrafato, Appellants,

v.

UNITED STATES DEPARTMENT OF
STATE and United States Immigra-
tion & Naturalization Service, Appel-
lees.

No. 981, Docket 75-7081.

United States Court of Appeals,
Second Circuit.

Argued May 6, 1975.

Decided Aug. 13, 1975.
Stay Denied Nov. 3, 1975.
See 96 S.Ct. 259.
Certiorari Denied Feb. 23, 1976.
See 96 S.Ct. 1105.

Joseph P. Marro, New York City (Mar-
tin L. Rothstein, and Fried, Fragomen &
Del Ray, New York City, on the brief),
for appellants.

Peter A. Goldman, Asst. U. S. Atty.,
Brooklyn, N. Y. (David G. Trager, U. S.
Atty., and Paul B. Bergman, Asst. U. S.
Atty., Brooklyn, N. Y., on the brief), for
appellees.

Before FEINBERG, TIMBERS and
VAN GRAAFEILAND, Circuit Judges.

TIMBERS, Circuit Judge:

On this appeal from a judgment en-
tered in the Eastern District of New
York on January 22, 1975, Walter Bruch-
hausen, *District Judge*, granting defend-
ants' motion pursuant to Fed.R.Civ.P.
12(b)(1) to dismiss the complaint which
sought declaratory and injunctive relief,
the essential issue is whether the district
court correctly held that it lacked sub-
ject matter jurisdiction over the com-
plaint which claimed that the constitu-
tional rights of a citizen wife had been
violated by denial of her alien husband's

visa application without reason by the United States Consul in Palermo, Italy, and that failure of the Department of State in accordance with its regulations to specify the reasons for denial of the husband's visa application denied him procedural due process.

We affirm.

## I.

Vincenzo Burrafato is a native and citizen of Italy. In 1961 he was married in Italy to Antonina Burrafato, a United States citizen. They are the parents of two children, 11 and 9 years of age, both of whom were born in Italy. In February 1970, Vincenzo applied to the United States Consul in Palermo for a permanent immigration visa to the United States. The application was denied on the ground that he was ineligible under Section 212(a) of the Immigration & Nationality Act (the Act), 8 U.S.C. § 1182(a) (1970). Upon request of appellants' counsel by letter dated September 22, 1971, the Visa Office of the Department of State reviewed the denial of the visa application and informed counsel by letter dated October 21, 1971 that "no facts were disclosed which would warrant a reversal of the original finding of ineligibility under [the statute]."

In the meanwhile, without waiting in Italy to learn whether his visa application would be granted, Vincenzo entered the United States illegally on February 17, 1970. When the Immigration & Naturalization Service learned of his illegal entry, he was served on December 7, 1972 with an order to show cause why he should not be deported pursuant to Section 241(a)(1) of the Act, 8 U.S.C. § 1251(a)(1) (1970). At his deportation hearing, Vincenzo admitted that he had entered the United States without a valid immigrant visa or other entry document for permanent residence. Accord-

ingly, on July 25, 1974, he was found to be deportable pursuant to Section 241 (a)(1) by an immigration judge, but was granted the privilege of voluntary departure until November 25, 1974 pursuant to Section 244(e) of the Act, 8 U.S.C. § 1254(e) (1970).[1]

In the meanwhile, on June 4, 1974 the instant action was commenced in the district court seeking the relief stated above. In an opinion filed January 21, 1975, the court dismissed the complaint. After a notice of appeal was filed on January 24, the court, on application of appellants, on January 28 stayed deportation of Vincenzo and further stayed withdrawal of the privilege of voluntary departure pending this appeal.

## II.

Whether the district court was correct in dismissing the complaint for lack of subject matter jurisdiction turns on the validity of the claims alleged.

■ With respect to the claim that denial of Vincenzo's visa application violated the constitutional rights of Antonina, it is sufficient to note that this claim is foreclosed by our recent decision in *Noel v. Chapman*, 508 F.2d 1023, 1027–28 (2 Cir. 1975), where we reaffirmed the rule that no constitutional right of a citizen spouse is violated by deportation of his or her alien spouse. See also *Silverman v. Rogers*, 437 F.2d 102 (1 Cir. 1970), *cert. denied*, 402 U.S. 983 (1971); *Swartz v. Rogers*, 254 F.2d 338 (D.C.Cir.), *cert. denied*, 357 U.S. 928 (1958).

## III.

■ A closer question is presented by appellants' claim that the failure of the Department of State, in accordance with its regulations, to specify the reasons for denial of Vincenzo's visa application denied him procedural due process.[2]

---

1. Burrafato does not challenge the correctness of the finding that he was deportable under Section 241(a)(1) of the Act.

   The privilege of voluntary departure permits an alien to avoid the stigma of deportation and may facilitate the possibility of his reentry into the United States. *Strantzalis v. Immigration*

& *Naturalization Service*, 465 F.2d 1016 (3 Cir. 1972).

2. This is one of those cases where, in order better to focus on what this claim is about, it may be helpful to emphasize what is *not* claimed.

Appellants argue in essence that, in failing to specify under which of the thirty-one subsections of Section 212(a) of the Act Vincenzo was excluded, the Department of State did not comply with its own regulation, 22 C.F.R. § 42.-130 (1975), which requires it to inform an unsuccessful applicant for a visa of the reasons for denial of the visa and to allow the applicant an opportunity to refute the evidence of ineligibility that may have been used against him.[3]

This argument, as appellants' counsel acknowledges, must be considered in the light of repeated admonitions by the Supreme Court that the judicial branch should not intervene in the executive's carrying out the policy of Congress with respect to exclusion of aliens. As recently as its decision in *Kleindienst v. Mandel,* 408 U.S. 753, 766 (1972), the Court quoted with approval from its earlier opinion in *Lem Moon Sing v. United States,* 158 U.S. 538, 547 (1895):

> "The power of congress to exclude aliens altogether from the United States, or to prescribe the terms and conditions upon which they may come to this country, and to have its declared policy in that regard enforced exclusively through executive officers, without judicial intervention, is settled by our previous adjudications."

█ Despite this strong reaffirmation of judicial policy by the Supreme Court, appellants nevertheless urge that *Mandel* supports their claim that the district court has subject matter jurisdiction.

We disagree. In *Mandel,* the Supreme Court was confronted with a challenge to the Attorney General's refusal to waive exclusion of an alien on the ground that First Amendment rights of those who wished to hear the alien would be infringed. The Court held only that, when waiver is not granted for a "facially legitimate and bona fide reason", the courts will not "test it by balancing its justification against the First Amendment interests of those who seek personal communication with the applicant." 408 U.S. at 770.

Likewise, the courts of this Circuit have interpreted *Mandel* to require justification for an alien's exclusion. In *Mac-Donald v. Kleindienst,* 72 Civ. 1228 (S.D. N.Y., October 10, 1972) (*MacDonald I*), a three-judge court ordered the Secretary of State to set forth his reasons for refusing to waive the ineligibility of an alien. Then in *MacDonald v. Kleindienst,* 72 Civ. 1228 (S.D.N.Y., May 6, 1974) (*MacDonald II*), Judge Tenney accepted the reasons tendered as "facially legitimate and bona fide." *Id.* at 14, quoting from *Mandel, supra,* 408 U.S. at 770.

In each of these cases—*Mandel, MacDonald I* and *MacDonald II*—the claim was grounded on an alleged violation of First Amendment rights of American citizens over which the federal courts clearly had jurisdiction. The significant distinguishing feature of the instant case is that no constitutional rights of American citizens over which a federal court

---

Appellants do not claim denial of due process in the deportation proceedings which would give the federal courts jurisdiction to insure that administrative tribunals conform to the traditional standards of fairness encompassed by due process in determining whether aliens who have entered the United States are deportable. *Bolanos v. Kiley,* 509 F.2d 1023, 1025–26 (2 Cir. 1975); *Galven v. Press,* 347 U.S. 522, 530 (1954); *Shaughnessy v. United States ex rel. Mezei,* 345 U.S. 206, 212 (1953).

Nor do appellants seek review of the denial of the visa application by the United States Consul in Palermo on grounds of lack of due process. Indeed, counsel for Vincenzo specifically denied that any review of the consular determination was sought in the instant litiga-

tion. As we held long ago, "Whether the consul has acted reasonably or unreasonably, is not for us to determine. Unjustifiable refusal to visé a passport may be ground for diplomatic complaint by the nation whose subject has been discriminated against . . . . It is beyond the jurisdiction of this court." *United States ex rel. London v. Phelps,* 22 F.2d 288, 290 (2 Cir. 1927), *cert. denied,* 276 U.S. 630 (1928).

3. The government's affidavit in support of its motion to dismiss the complaint in the district court stated that the reason for denial of a visa to Vincenzo was his "association with organized criminal society" in Italy. Section 212(a)(27) of the Act was cited as the applicable section under which he was excludable.

would have jurisdiction are "implicated" here.

If Vincenzo were "legally" within the United States, he might well have standing in the federal courts to require the Department of State to follow its own regulations. But he is not here legally. To give him rights due to his unlawful presence greater than those he would have had if he had not come to this country, would be the worst sort of bootstrapping and would encourage aliens to enter this country surreptitiously. See *Licea-Gomez v. Pilliod,* 193 F.Supp. 577, 582 (N.D.Ill.1960).[4]

We hold, in short, that the district court correctly decided that it did not have subject matter jurisdiction to review what happened to Vincenzo in Italy or what he claims the Department of State did to him here.

Affirmed.

---

**4.** We have carefully considered appellants' other claims and we find they do not provide any jurisdictional basis for their action.