Marcelina Diaz **RIVERA de GOMEZ,**
**Plaintiff-Appellant,**

v.

Henry A. **KISSINGER, Secretary of State of the United States, et al.,**
**Defendants-Appellees.**

**No. 899, Docket 76–6009.**

United States Court of Appeals,
Second Circuit.

Argued April 12, 1976.

Decided April 14, 1976.

Antonio C. Martinez, New York City (S. Bernard Schwarz, New York City, on the brief), for plaintiff-appellant.

Mary P. Maguire, Sp. Asst. U. S. Atty. (Robert B. Fiske, Jr., U. S. Atty., S.D.N.Y., New York City, on the brief), for defendants-appellees.

Before LUMBARD, HAYS and FEINBERG, Circuit Judges.

PER CURIAM:

Marcelina Diaz Rivera de Gomez, a United States citizen, brought this action against the Secretary of State, the Director of the Visa Office of the Department of State, the United States Consul at Santo Domingo, Dominican Republic, and the New York District Director of the Immigration and Naturalization Service, seeking, among other relief, a declaration that her marriage to Cecilio Trifilio Gomez-Tejada is valid and an order enjoining the defendant Consul from denying Gomez-Tejada's application for an immigrant visa on the basis of the invalidity of that marriage. The United States District Court for the Southern District of New York, Charles L. Brieant, J., granted summary judgment for the defendants and dismissed the action, holding that "This Court lacks jurisdiction to review the acts of American consular officials abroad in determining whether or not to issue a visa." Plaintiff appeals, arguing that the district court had jurisdiction under section 279 of the Immigration and Nationality Act of 1952, 8 U.S.C. § 1329.

This precise issue was recently before the district court in *Pena v. Kissinger*, 409 F.Supp. 1182 (S.D.N.Y., 1976). We agree with the reasoning and result of Judge Pollack in that case, and conclude that the decisions of the Supreme Court in *Kleindienst v. Mandel,* 408 U.S. 753, 92 S.Ct. 2576, 33 L.Ed.2d 683 (1972), and of this court in *Burrafato v. United States Department of State,* 523 F.2d 554 (2d Cir. 1975), cert. denied, 424 U.S. 910, 96 S.Ct. 1105, 47 L.Ed.2d 313, 44 U.S.L.W. 3471 (1976), preclude any judicial review of the consular decision not to issue a visa in this case. We reject the argument that section 279 authorizes the sort of judicial interference in the visa-issuing process sought by plaintiff.

Accordingly, we affirm the judgment of the district court.