**Michael KUMMER and Josephine Kummer, Plaintiffs,**

v.

**George P. SHULTZ, Secretary of State of the United States of America, Defendant.**

**Civ. A. No. 3–83–1784–H.**

United States District Court, N.D. Texas, Dallas Division.

Jan. 25, 1984.

### ORDER

SANDERS, District Judge.

This case is before the Court on Plaintiffs' Motion for Summary Judgment, filed December 6, 1983; and Defendant's Motion to Dismiss, filed December 19, 1983. The Court is of the opinion that Defendant's Motion should be, and it is hereby, GRANTED.

Plaintiffs have filed suit, and ask for summary judgment, seeking this Court to compel the Secretary of State to "diligently and expeditiously" process Josephine Kummer's application for an immigrant visa. As a basis for the Court's jurisdiction over this case, Plaintiffs cite 28 U.S.C. § 1361, 5 U.S.C. § 701 and 706, and 8 U.S.C. § 1329 in their "Complaint for Mandamus With Injunctive Relief".

These statutes do not, however, provide a sufficient basis for this Court's jurisdiction over the subject matter of this case. 5 U.S.C. § 701(a) provides for judicial review of agency actions "except to the extent that ... (2) agency action is committed to agency discretion by law". The visa issuing process has long been an area of legis-

---

lative discretion in which courts have determined they do not have the authority to intervene. *See Kleindienst v. Mandel*, 408 U.S. 753, 92 S.Ct. 2576, 33 L.Ed.2d 683 (1972). And while 8 U.S.C. § 1329 grants the district courts the authority to hear cases arising under the immigration laws, section 1104(a) of Title 8 provides that the Defendant is responsible for all immigration and nationality law enforcement, "except those powers, duties and functions conferred upon the consular officers relating to the granting or refusal of visas". Granting the relief requested by the Plaintiffs would require the Court to order the Defendant to act in a manner inconsistent with section 1104(a)(1).

Furthermore, exercising jurisdiction over this case would violate the long-recognized judicial nonreviewability of a Consul's decision to grant or deny a visa. *See Ventura-Escamilla v. Immigration and Naturalization Service*, 647 F.2d 28, 30 (9th Cir. 1981); *Martinez v. Bell*, 468 F.Supp. 719, 725–726 (S.D.N.Y.1979). The Court also notes that the Supreme Court has stated that "the judiciary will not interfere with the visa issuing process." *Kleindienst v. Mandel*, 408 U.S. 753, 92 S.Ct. 2576, 33 L.Ed.2d 683. Under the statute and relevant judicial authorities, this Court does not have jurisdiction to grant the Plaintiffs their requested relief.

Furthermore, the Mandamus remedy requested by Plaintiffs is only available in "extraordinary situations where the right to relief is clear and indisputable ...." *Commodity Futures Trading Commission v. Preferred Capital Investment Group*, 664 F.2d 1316, 1321 (5th Cir.1982). In this case, the Plaintiffs have no clear or indisputable right to the relief they request this Court to grant them, and, accordingly, Plaintiffs' Motion for Summary Judgment is hereby DENIED; and Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction is GRANTED. This case is hereby DISMISSED at Plaintiffs' cost.

SO ORDERED.