Florinda GARCIA, Santa Armida
Bendana, Plaintiffs,

v.

James BAKER, Secretary of State et
al., Defendants.

No. 90 C 2585.

United States District Court,
N.D. Illinois, E.D.

Nov. 27, 1990.

Deborah J. Kartje, Margaret H. McCormick, Minsky, Feiertag, McCormick & Hallagan, P.C., Marjorie Press Lindblom, Janice Levy Block, Mark Alan Pals, Kirkland & Ellis, Chicago, Ill., for plaintiffs.

James G. Hoofnagle, U.S. Attorney's Office, Chicago, Ill., Thomas W. Hussey, U.S. Dept. of Justice, Washington, D.C., for defendants.

---

## MEMORANDUM OPINION

GRADY, District Judge.

This case, involving the Immigration and Nationality Act ("INA"), is before us on defendants' motion to dismiss the complaint on the grounds that the court lacks subject matter jurisdiction, plaintiffs lack standing, and the complaint fails to state a claim upon which relief can be granted. For the reasons stated below, we dismiss this cause with prejudice.

## FACTS

Plaintiff Santa Armida Bendana is a native and citizen of Honduras. Plaintiff Florinda Garcia is her mother and a lawful permanent resident of the United States. Garcia submitted a second preference visa petition on behalf of Bendana which was approved, rendering Bendana eligible to immigrate to the United States as the unmarried, adult daughter of a permanent resident.

Based on the approved second preference petition, Bendana applied to the United States Consulate in Honduras for an immigrant visa. The consulate denied Bendana's petition for an immigrant visa, finding that she was excluded from entering the United States under § 212(a)(19) of the INA, 8 U.S.C. § 1182(a)(19).[1] After interviewing Bendana, the consular officer concluded that Bendana had wilfully misrepresented a material fact in securing a tourist visa in 1983. The officer found that Bendana had intended in 1983 to remain in the United States for one year, although she had stated in her 1983 tourist visa interview that she intended to remain in the United States for only two months. Bendana admits that she overstayed the terms of her admission as a tourist in 1983 and did not actually return to Honduras until her interview at the consulate in January 1989.

Plaintiffs allege that State Department regulations required the consular officer to seek a mandatory and binding advisory legal opinion from the Advisory Opinions Division of the State Department regarding the consulate's finding of wilful and material misrepresentations by Bendana. Plaintiffs charge that the Division issued its opinion, concurring with that of the consular officer, in disregard of the Attorney General's controlling interpretation to the contrary. Thus, plaintiffs claim that Bendana's exclusion is not authorized by INA § 212(a)(19) and corresponding regulations and is not in conformity with the Attorney General's interpretation of law.

Plaintiffs seek a declaration that defendants' finding that Bendana made a wilful, material misrepresentation in her 1983 application was unlawful. They further seek an order directing the State Department to communicate to the United States Consulate Office that there is no legal basis to refuse Bendana's immigrant visa and to appoint a General Counsel of the Visa Office as required by § 104(e) of the INA, 8 U.S.C. § 1104(e), with a view to secure uniform interpretations of the INA.

## DISCUSSION

■ We lack subject matter jurisdiction to hear plaintiffs' claims. We agree with defendants that this suit begins and ends with the consular officer's denial of Bendana's immigrant visa application. Although the determinations and rulings by the Attorney General regarding all questions of law are controlling, 8 U.S.C. § 1103(a), and rulings of the State Department concerning interpretations of law are binding upon consular officers, 22 C.F.R. 42.81(d), courts cannot interfere in the visa issuance process. *Rivera DeGomez v. Kissinger*, 534 F.2d 518 (2d Cir.), *cert. denied*, 429 U.S. 897, 97 S.Ct. 262, 50 L.Ed.2d 181 (1976).

■ The law is well settled that a consular officer's denial of a visa application is not subject to judicial review. *Centeno v. Schultz*, 817 F.2d 1212 (5th Cir.1987), *cert. denied*, 484 U.S. 1005, 108 S.Ct. 696, 98 L.Ed.2d 648 (1988); *Li Hing of Hong Kong, Inc. v. Levin*, 800 F.2d 970 (9th Cir.1986); *Burrafato v. Department of*

---

**1.** Section 212(a)(19) excludes "from admission into the United States ... [a]ny alien who, by fraud or willfully misrepresenting a material fact, seeks to procure, or has sought to procure or has procured, a visa, other documentation, or entry into the United States or other benefit provided under [the INA]." 8 U.S.C. § 1182(a)(19).

*State,* 523 F.2d 554 (2d Cir.1975), *cert. denied,* 424 U.S. 910, 96 S.Ct. 1105, 47 L.Ed.2d 313 (1976). We cannot review a consular officer's decision even upon allegations that the consular officer acted on erroneous information, *see Loza–Bedova v. Immigration and Naturalization Serv.,* 410 F.2d 343 (9th Cir.1969), that the INA did not authorize the officer's decisions, *see Centeno,* 817 F.2d at 1213, that the officer erroneously interpreted and applied the INA, *see Grullon v. Kissinger,* 417 F.Supp. 337 (E.D.N.Y.1976), *aff'd,* 559 F.2d 1203 (2d Cir.1977), or that the State Department failed to follow its own regulations. *Burrafato,* 523 F.2d at 557.

Plaintiffs attempt to avoid the consular nonreviewability doctrine by maintaining that they are not seeking review of the consular officer's decision. Rather, they are challenging the State Department's legal opinion, rendered contrary to the law. This argument is unavailing. First, courts have consistently rejected attacks on consular decisions, whatever form they take. *See Pena v. Kissinger,* 409 F.Supp. 1182 (S.D.N.Y.1976) (seeking declaration that marriage was valid and order directing consul to process visa on that basis); *Rivera DeGomez,* 534 F.2d 518 (same); *Loza–Bedoya,* 410 F.2d 343 (seeking to correct visa applicant's record); *Ben–Issa v. Reagan,* 645 F.Supp. 1556 (W.D.Mi.1986) (challenging constitutionality of INA as applied to applicant and citizen spouse); *Kummer v. Shultz,* 578 F.Supp. 341 (N.D.Tex.1984) (seeking order compelling Secretary of State to "diligently and expeditiously" process application for immigrant visa); *Grullon,* 417 F.Supp. 337 (seeking declaration as to applicant's immigrant status); *see also Wan Shih Hsieh v. Kiley,* 569 F.2d 1179 (2d Cir.) (seeking order compelling INS to conduct investigation and provide information as requested by consular officer who suspected plaintiff of fraud in procuring immigrant status and who had held up issuance of visas to plaintiff's children), *cert. denied,* 439 U.S. 828, 99 S.Ct. 102, 58 L.Ed.2d 121 (1978).

■ Second, it is the role of the executive, rather than the courts, to ensure that the Secretary of State follows the Attorney General's interpretations of law with respect to immigration. *See Kleindienst v. Mandel,* 408 U.S. 753, 766, 92 S.Ct. 2576, 2583, 33 L.Ed.2d 683 (1972). " 'The power of Congress to exclude aliens altogether from the United States, or to prescribe the terms and conditions upon which they may come to this country, and to have its declared policy in that regard enforced *exclusively through executive officers, without judicial intervention,* is settled by our previous adjudications.' " *Id.* (quoting *Lem Moon Sing v. United States,* 158 U.S. 538, 547, 15 S.Ct. 967, 970, 39 L.Ed. 1082 (1895)) (emphasis added).

■ Third, any decision we might render ordering the Secretary of State to follow the Attorney General's interpretation of law would not affect consular officers' decisions, because only consular officers can find facts or apply the law to facts with respect to visa applications. Neither the Attorney General nor the Secretary of State can require consular officers to grant or deny visa applications, and they are without power to issue visas. 8 U.S.C. §§ 1103(a), 1104(a)(1) & 1201(a). Thus, there is a serious question as to whether granting plaintiffs' prayer for relief would achieve the result they seek.

■ Finally, assuming the State Department failed to follow the Attorney General's interpretation of what constitutes a wilful and material misrepresentation for purposes of 8 U.S.C. § 1182(a)(19), *Burrafato* precludes plaintiffs from maintaining this action. There, the court held that no constitutional right of a citizen spouse was violated by a denial of her alien spouse's visa application. 523 F.2d at 555. The court affirmed the district court's finding that it lacked subject matter jurisdiction to hear the alien spouse's claim that he was denied due process by the State Department's failure to follow its own regulations. *Id.* at 555–57. It expressly held that "no constitutional rights of American citizens over which a federal court would have jurisdiction" were implicated. *Id.* at 556–57.

We find *Burrafato's* rationale applicable here. Garcia has no more protectible interest in the State Department's following the Attorney General's interpretation of law than the citizen spouse in *Burrafato* had in the State Department's following its own regulations.[2]

CONCLUSION

We lack jurisdiction to hear this case. Accordingly, we grant defendants' motion to dismiss and dismiss this cause with prejudice.

---

2. *Burrafato* also applies to plaintiffs' request to appoint a General Counsel of the Visa Office. Bendana is not legally in the United States and therefore has no standing to require the State Department to follow the Attorney General's interpretations. 523 F.2d at 557. Moreover, as indicated in the text, this case does not implicate any of Garcia's constitutional rights over which we would have jurisdiction. *Id.* at 556–57.