21 F.3d 430
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Amiralli E. SHROFF, Plaintiff-Appellant
v.
UNITED STATES of America, Defendant-Appellee.
 No. 92-3516.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 5, 1994.*
Decided April 6, 1994.
 
 Before CUMMINGS, KANNE and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Mr. Amiralli Ebrahim Shroff, a resident of Bombay, India, filed a complaint against the United States, requesting to proceed in forma pauperis. Because Mr. Shroff's complaint alleged no factual basis for his claim nor a legal theory on which he sought relief, the district court denied his request and dismissed his complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d). We affirm.
 
 
 2
 Although pro se pleadings are to be liberally construed, see Haines v. Kerner, 404 U.S. 519 (1972), a plaintiff who wishes to proceed in forma pauperis may have his complaint dismissed by the district court sua sponte if it is deemed frivolous. 28 U.S.C. Sec. 1915(d). An IFP claim is frivolous if it has no arguable basis in law or fact. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). We review the district court's dismissal under Sec. 1915(d) for abuse of discretion. Denton v. Hernandez, 112 S.Ct. at 1734; Alston v. DeBruyn, 13 F.3d 1036, 1039 (7th Cir.1994).
 
 
 3
 Because Mr. Shroff failed to set forth the facts underlying his claim, we conclude that the district court did not abuse its discretion in dismissing his complaint. Talley v. Lane, 13 F.3d 1031, 1033 (7th Cir.1994) (the district court is not required to decide issues not raised by a pro se litigant); see also Gregory v. United States/United States Bankruptcy Court, 942 F.2d 1498, 1500 (10th Cir.1991) (the complaint must state a claim with factual and legal specificity), cert. denied, 112 S.Ct. 2276 (1992). Notwithstanding our conclusion, we note that Mr. Shroff's apparent purpose in filing this complaint is to seek review of the United States consular official's refusal to issue him a nonimmigrant visa. We further note that federal courts lack jurisdiction to entertain such claims. Li Hing of Hong Kong, Inc. v. Levin, 800 F.2d 970, 971 (9th Cir.1986) ("It has been consistently held that the consular official's decision to issue or withhold a visa is not subject either to administrative or judicial review"); Rivera de Gomez v. Kissinger, 534 F.2d 518, 519 (2d Cir.) (per curiam) (same), cert. denied, 429 U.S. 897 (1976); Garcia v. Baker, 765 F.Supp. 426, 427-28 (N.D.Ill.1990) (same); see also Kleindienst v. Mandel, 408 U.S. 753, 762 (1972) ("[A]n unadmitted and nonresident alien has no constitutional right of entry to this country as a nonimmigrant or otherwise").
 
 
 4
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record