**Jong–Joon CHUN and Sun Duk Chang, Plaintiffs,**

v.

**Colin L. POWELL, Secretary of State of the United States, Defendant.**

**No. Civ.A. 02–0708 ESH.**

United States District Court, District of Columbia.

Oct. 8, 2002.

---

upon the General Counsel of the Visa Office, the authority to 'maintain contact with the appropriate officers of the Service with a view to securing uniform interpretations of the law' " (Complaint ¶ 21), and is "contrary to law, in that it is clearly a violation of their own regulations in failing to exercise discretion in issuing visitor's visas" (Complaint ¶ 22).

Defendant has moved to dismiss on the grounds that this Court lacks subject matter jurisdiction based on the doctrine of consular nonreviewability, or in the alternative for summary judgment on the grounds that the denial of a visitor's visa to Chang was not arbitrary or capricious or in violation of law. For the reasons set forth below, the Court need not reach the motion for summary judgment, for it lacks subject matter jurisdiction and plaintiffs have no standing to bring this action.

## BACKGROUND

On November 27, 1992, Jong–Joon Chun, an immigration lawyer in Fairfax, Virginia, filed an I–130 Petition for Alien Relative with the United States Immigration and Naturalization Service ("INS") on behalf of his sister, Sun Duk Chang. The petition is the first step for an alien to obtain an immigrant visa under INS rules and regulations. Upon approval of the petition by the American Embassy in Seoul, Korea ("Seoul Embassy"), the applicant is assigned a "priority date" in the future which dictates when the immigrant visa may be issued. Chang's petition for the immigration visa was approved on December 17, 1992, and she was placed on a waiting list for an immigrant visa.

While her immigrant visa petition was still pending, Chang applied for a B–1/B–2 visitor's visa at the Seoul Embassy on both October 8, 1999 and October 29, 1999. Both applications were denied on the grounds that Chang had not carried her

Michael Edward McKenzie, Arlington, VA, for Plaintiffs.

Michael C. Johnson, Pamela D. Huff, U.S. Attorney's Office, Civil Division, Washington, DC, for Defendants.

### MEMORANDUM OPINION

HUVELLE, District Judge.

Plaintiffs Jong–Joon Chun and his sister, Sun Duk Chang, have sued the Secretary of State alleging that the refusal to issue a visitor's visa to an applicant with a pending immigrant petition is a violation of the Immigration and Naturalization Act ("INA"), 8 U.S.C. § 1104(e), "which places

burden to show "sufficiently strong family, social, professional or economic ties to your place of residence to ensure that your stay in the U.S. will be temporary." (Complaint Ex. 9; *see also id.* Ex. 7.) *See* INA, 8 U.S.C. § 1184(b). In response to letters from Chun complaining about the denial of his sister's visa petition, the Embassy responded on two occasions, again explaining its denial and citing in its November 16, 1999 letter the "absence of unusually strong ties to a residence abroad ..." by an applicant who also has an immigrant visa petition pending. (Complaint, Ex. 11; *see also id.* Ex. 13.)

Following further exchanges of correspondence between the parties (Complaint, Exs. 15–21), plaintiffs filed a Complaint for "Review of Administrative Action Unreasonably Denied and Mandatory Injunction" pursuant to the Administrative Procedures Act ("APA"), 5 U.S.C. § 701 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* Plaintiffs seek a declaratory judgment requiring the defendant to weigh all factors in evaluating an applicant's eligibility for a visitor's visa while an immigrant visa is pending; a remand of Chang's case to defendant with instructions that it be reconsidered in light of the correct burden of proof; and injunctive relief prohibiting defendant from applying a higher burden of proof for visitor visa applicants who have an immigrant petition pending. (Complaint, ¶¶ A–C.)

### ANALYSIS

■ The decision of a consular officer to grant or deny a visa is not subject to judicial review, for, as stated by Justice Harlan in *Lem Moon Sing v. United States*, 158 U.S. 538, 15 S.Ct. 967, 39 L.Ed. 1082 (1895):

> The power of Congress to exclude aliens altogether from the United States or to prescribe the terms and conditions upon which they may come into this country, and to have its declared policy in that

regard enforced exclusively through executive officers without judicial intervention, is settled by our previous adjudications.

*Id.* at 547, 15 S.Ct. 967. Consistent with this ruling, courts have uniformly held that a consular officer's denial of a visa application is not subject to judicial review. *See, e.g., Bruno v. Albright,* 197 F.3d 1153, 1162 (D.C.Cir.1999) (the APA does not provide a jurisdictional grant for reviewing a consular's denial of a visa since the ("immigration laws preclude judicial review of consular visa decisions"); *Centeno v. Shultz,* 817 F.2d 1212, 1213 (5th Cir.1987), *cert. denied,* 484 U.S. 1005, 108 S.Ct. 696, 98 L.Ed.2d 648 (1988); *Li Hing of Hong Kong, Inc. v. Levin,* 800 F.2d 970 (9th Cir.1986). This rule applies even where it is alleged that the consular officer failed to follow regulations, *Burrafato v. Dep't of State,* 523 F.2d 554 (2d Cir.1975), *cert. denied,* 424 U.S. 910, 96 S.Ct. 1105, 47 L.Ed.2d 313 (1976)); where the applicant challenges the validity of the regulations on which the decision was based, *Ventura–Escamilla v. INS,* 647 F.2d 28 (9th Cir. 1981); or where the decision is alleged to have been based on a factual or legal error. *Centeno,* 817 F.2d at 1213. Moreover, plaintiffs cannot circumvent this well-established doctrine of consular nonreviewability by claiming that they are not seeking a review of a consular officer's decision, but rather are only challenging the defendant's failure to "issue a legal opinion consistent with the interpretation of the Attorney General and the Courts, securing uniform interpretation of the provisions of the INA" (Pls.' Mem. at 8) and to appoint a General Counsel of the Visa Office, as required by the INA, 8 U.S.C. § 1104(e). (*Id.* at 2.) Such attempts to manufacture subject matter jurisdiction by recasting a complaint have consistently been rejected by the courts. For instance, in *Garcia v. Baker,* 765 F.Supp. 426 (N.D.Ill.1990), a

mother and daughter filed suit seeking a declaration that the State Department's binding legal opinion concurring in the consular official's determination was rendered contrary to the Attorney General's interpretation of the law. In rejecting this attempt to avoid the doctrine of consular nonreviewability, the court observed:

> First, courts have consistently rejected attacks on consular decisions, whatever form they take.... Second, it is the role of the executive, rather than the courts, to ensure that the Secretary of State follows the Attorney General's interpretations of law with respect to immigration.... Third, any decision we might render ordering the Secretary of State to follow the Attorney General's interpretations of law would not affect consular officers' decisions, because only consular officers can find facts or apply the law to facts with respect to visa applications.... Thus, there is a serious question as to whether granting plaintiffs' prayer for relief would achieve the result they seek.

*Id.* at 428 (citations omitted). Similarly, in *Al–Makaaseb General Trading Co., Inc. v. Christopher,* 1995 WL 110117 at *1 (S.D.N.Y.1995), plaintiffs claimed that they were not challenging the consular's denial of a visa, but they were challenging the State Department's inclusion of Al–Makaaseb on the lookout list, from which the visa denial resulted. But, as recognized by the court, "such a challenge cannot be divorced from an attack of the decision itself. The Court's scrutiny of the predicate for the decision necessarily causes the Court to interfere with the process of the decision which it has been precluded from reviewing. Just as other courts have held in similar circumstances, plaintiffs cannot make an end-run around nonreviewability of the decision by challenging its foundation." *Id.* at *3 and cases cited therein. *See also Burrafato,* 523 F.2d at 555 n. 2 (" 'Whether the counsel has acted reasonably or unreasonably is not for us to determine.... It is beyond the jurisdiction of this court.' ") (citation omitted).

Moreover, even if the Court had jurisdiction to consider plaintiffs' claims, which it does not, the complaint would have to be dismissed because plaintiffs lack standing. Sun Duk Chang, an unadmitted nonresident alien, has no standing to challenge the denial of her entry into the United States or to require the defendant to follow the Attorney General's interpretation of law or to appoint a General Counsel. *Garcia,* 765 F.Supp. at 428–29 & n. 2. *See also Burrafato,* 523 F.2d at 556; *Al Makaaseb General Trading,* 1995 WL 110117 at *4. Nor does Chang fare any better as his sister's lawyer or her sponsor for admission. He, too, lacks standing because he has no "protectible interest" in the State Department's following the Attorney General's interpretation of law or in having a General Counsel appointed. *Garcia,* 765 F.Supp. at 428–29 & n. 2; *Al Makaaseb General Trading,* 1995 WL 110117 at *4; *Burrafato,* 523 F.2d at 555. *See also Bruno,* 197 F.3d at 1163–64 (finding no standing on behalf of aliens seeking review of an adverse consular decision or the United States citizens who sponsored their admission, for the citizens have "not been aggrieved 'within the meaning of the relevant stature' and have no right of review under the APA even if APA review were available") (citation omitted).

Finally, plaintiffs' reliance on *Abourezk v. Reagan,* 785 F.2d 1043 (D.C.Cir.1986), *aff'd by an equally divided court,* 484 U.S. 1, 108 S.Ct. 252, 98 L.Ed.2d 1 (1987), is misplaced. As explained by the Circuit in *Bruno, Abourezk* cannot be read as a grant of authority to district courts to " 'displace the consular function in the issuance of visas,' " *Bruno,* 197 F.3d at 1164 (citation omitted); rather, it is limited to the case when United States sponsors of

a foreign individual claim that the denial of the visa violated their constitutional rights. *Id.* at 1163. Unlike *Abourezk,* Chun asserts no constitutional claims, and thus, he "cannot by any stretch bring himself within the narrow holding of *Abourezk.*" 197 F.3d at 1164.[1]

## CONCLUSION

For these reasons, defendant's motion to dismiss is granted and plaintiff's cross-motion for summary judgment is denied.

## ORDER

This matter is before the Court on defendant's motion to dismiss or, in the alternative, for summary judgment [15–1 and 15–2] and plaintiffs' motion for summary judgment [7–1]. For the reasons stated in the Court's accompanying Memorandum Opinion, it is hereby:

**ORDERED** that defendant's motion to dismiss is **GRANTED**; and it is

**FURTHER ORDERED** that plaintiffs' motion for summary judgment is **DENIED**; and it is

**FURTHER ORDERED** that plaintiffs' complaint is dismissed with prejudice.

**This is a final appealable order.**

---

1. Plaintiffs' reliance on *Karmali v. INS,* 707 F.2d 408 (9th Cir.1983), is also misplaced. First, *Karmali* rejected the argument made here that the Declaratory Judgment Act provides a jurisdictional base upon which to review a consular's decision. Second, the case related to an application for an intracompany transfer visa, not a nonresident alien's application for a visitor's visa. Thus, the decision denying the intracompany transfer visa was made by the Regional INS Commissioner in Spokane, Washington, and it did not involve the issue of judicial encroachment upon a consular officer's visa responsibilities.