**Mohamed Salem EL–HADAD, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civil Action No. 04–229 (RMU).**

United States District Court, District of Columbia.

June 29, 2005.

---

See also 69 F.Supp.2d 69; 216 F.3d 29

Sylvia Jiva Rolinski, Rolinski, Terenzio, and Suarez, LLP, Potomac, MD, for Petitioner.

Daniel M. Cisin, U.S. Attorney's Office, Washington, DC, for Respondent.

### *MEMORANDUM OPINION*

URBINA, District Judge.

#### GRANTING THE UNITED STATES' MOTION TO DISMISS THE PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS

### I. INTRODUCTION

This matter comes before the court on the respondent's motion to dismiss the petitioner's petition for writ of habeas corpus. The respondent argues that the court should dismiss the petition because the court lacks jurisdiction under 28 U.S.C. § 2241. Because the court does not have the power to review the discretionary decision of the executive branch of government to exclude the petitioner from the United States and because habeas relief is not available to a nonresident alien living freely abroad, the court grants the respondent's motion.

### II. BACKGROUND

The petitioner, an Egyptian citizen, was employed by the United Arab Emirates ("U.A.E.") Embassy in Washington, D.C., and alleges that he was unlawfully terminated from the Embassy in 1996. Pet'r's

Pet. for Writ of Habeas Corpus ("Pet.") ¶ 3. Since the termination, the petitioner has resided in Egypt. *Id.* In 1996, the petitioner filed a civil suit against the U.A.E. in the United States District Court for the District of Columbia alleging malicious employment practices.[1] *Id.* ¶¶ 8–9. Because of his status as an alien, the petitioner has been unable to enter the United States to prosecute this action. *Id.* ¶ 10.

The petitioner made three separate requests for a temporary B–1/B–2[2] visa from the Consular Section of the American Embassy in Cairo, Egypt. *Id.* ¶ 11. The petitioner alleges that the visa requests were supported by court orders mandating that he travel to the United States to maintain his action. *Id.* The Consular Section allegedly denied the visa requests on the grounds that the "[p]etitioner did not show an intent to depart the country following the end of his authorized stay and did not show he had a permanent residence abroad, due to lack of evidence of compelling social, family, or economic ties outside the United States." *Id.* ¶ 12. The petitioner argues that these findings are "egregious and erroneous." *Id.*

■ The petitioner also made two attempts to obtain advance parole[3] to enter the United States and pursue his civil action. *Id.* ¶ 13. The Immigration and Naturalization Service ("INS") denied these requests. *Id.* The petitioner alleges that the INS did not indicate the "specific reasons" for the denials. *Id.*

After exhausting his administrative remedies, the petitioner filed a habeas corpus petition in February 2004, requesting the court allow him to enter the United States to attend his trial. On September 2, 2004, the United States filed a motion to dismiss the habeas corpus petition for lack of jurisdiction. The court now turns to that motion.

## III. ANALYSIS

### A. Legal Standard for a Motion to Dismiss Pursuant to Rule 12(b)(1)

■ Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89, 58 S.Ct. 586, 82 L.Ed. 845 (1938); *see also Gen. Motors Corp. v. Envtl. Prot. Agency*, 363 F.3d 442, 448 (D.C.Cir.2004) (noting that "[a]s a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction").

■ Because "subject-matter jurisdiction is an 'Art. III as well as a statutory requirement[,] no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C.Cir. 2003) (quoting *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982)). On a motion to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing that the court has subject-matter jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112

---

1. *See El–Hadad v. U.A.E.*, 96–cv–1943 (RWR).

2. A B–1 visa is a nonimmigrant visa to enter the United States temporarily for business, while a B–2 visa is a nonimmigrant visa to enter the United States for pleasure or medical treatment. U.S. Department of State, Bureau of Consular Affairs, *available at*

http://travel. state.gov/visa/ temp/types/types— 1262.html

3. Advance parole "is basically permission for a resident alien to reenter the United States after departing for some stated purpose." *Samirah v. O'Connell*, 335 F.3d 545, 546 (7th Cir.2003).

S.Ct. 2130, 119 L.Ed.2d 351 (1992). The court may dismiss a complaint for lack of subject-matter jurisdiction only if " 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Empagran S.A. v. F. Hoffman–LaRoche, Ltd.*, 315 F.3d 338, 343 (D.C.Cir.2003) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

 Because subject-matter jurisdiction focuses on the court's power to hear the claim, however, the court must give the plaintiff's factual allegations closer scrutiny when resolving a Rule 12(b)(1) motion than would be required for a Rule 12(b)(6) motion for failure to state a claim. *Macharia v. United States*, 334 F.3d 61, 64, 69 (D.C.Cir.2003); *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F.Supp.2d 9, 13 (D.D.C.2001). Moreover, the court is not limited to the allegations contained in the complaint. *Hohri v. United States*, 782 F.2d 227, 241 (D.C.Cir.1986), *vacated on other grounds*, 482 U.S. 64, 107 S.Ct. 2246, 96 L.Ed.2d 51 (1987). Instead, to determine whether it has jurisdiction over the claim, the court may consider materials outside the pleadings. *Herbert v. Nat'l Acad. of Sciences*, 974 F.2d 192, 197 (D.C.Cir.1992).

## B. The Court Grants the United States' Motion to Dismiss

The court grants the United States' motion to dismiss the petition for writ of habeas corpus because: (1) the court lacks jurisdiction to review the discretionary decision of the executive branch of government to exclude the petitioner from the United States and (2) habeas relief is not available to a nonresident alien living freely abroad.

**1. The Court Cannot Review the Consular's Decision to Deny the Petitioner's Visa Requests or the Attorney General's Decision to Deny the Petitioner's Requests for Advance Parole**

 The parties agree that the court cannot review the decision of the Consular Section of the American Embassy in Cairo denying the petitioner's visa request or the Attorney General's denial of the petitioner's request for advance parole. *See* Pet. at ¶ 7; Resp't's Mot. to Dismiss ("Mot. to Dimiss") at 2. The doctrine of consular nonreviewability holds that "a consular official's decision to issue or withhold a visa is not subject to judicial review." *Bruno v. Albright*, 197 F.3d 1153, 1159 (D.C.Cir. 1999). Similarly, the Attorney General's decision to admit or exclude an alien is "final and conclusive." *United States ex rel. Knauff v. Shaughnessy*, 338 U.S. 537, 543, 70 S.Ct. 309, 94 L.Ed. 317 (1950). It is therefore "not within the province of any court, unless expressly authorized by law, to review the determination of the political branch of the Government to exclude a given alien." *Id.* Accordingly, the court does not have the power to consider whether the denial of the petitioner's visa and advance parole requests was legitimate.[4]

**2. Habeas Relief is not Available to an Alien Living Freely Abroad**

 In an attempt to circumvent the consular nonreviewability doctrine, the pe-

4. The petitioner's claim that he was denied due process of law is without merit because the government's denial of the petitioner's request to enter the country is based on congressionally-authorized procedures. *United States ex rel. Knauff v. Shaughnessy*, 338 U.S. 537, 544, 70 S.Ct. 309, 94 L.Ed. 317 (1950) (explaining that "[w]hatever the procedure authorized by Congress is, it is due process as far as an alien denied entry is concerned"); *see also Zadvydas v. Davis*, 533 U.S. 678, 693, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001) (stating that "[c]ertain constitutional protections available to persons inside the United States are unavailable to aliens outside of our geographic borders").

titioner argues that he is entitled to habeas relief. The petitioner urges the court to construe the definition of "in custody" to include a nonresident alien living freely abroad who needs to enter the United States to pursue a civil action. Pet'r's Opp'n to Mot. to Dismiss ("Pet'r's Opp'n") at 5. The petitioner argues that the denial of a visa constrains his ability to prosecute his suit and places him in custody for habeas purposes. *Id.* at 6–7. The respondent, however, contends that habeas relief is not available to the petitioner because he is not in physical custody or detained at a point of entry into the United States. Mot. to Dismiss at 3. For the reasons discussed below, the court agrees with the respondent that a nonresident alien living freely abroad is not entitled to ͜habeas relief.

### a. The Supreme Court has Declined to Extend Habeas Jurisdiction to Aliens Living Freely Abroad

The petitioner relies principally on *Jones v. Cunningham,* 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963), to support the argument that he is in custody for habeas purposes. Pet. at ¶¶ 15–16. In *Jones,* the Supreme Court held that a paroled Virginia state prisoner was still in custody for purposes of habeas jurisdiction because "the use of habeas corpus [is] not restricted to situations in which the applicant is in actual, physical custody." *Jones,* 371 U.S. at 239, 83 S.Ct. 373. The Court explained that habeas can be applied to a paroled prisoner when the conditions of release "significantly confine and restrain [the prisoner's] freedom." *Id.* at 243, 83 S.Ct. 373. In arguing that he is in custody for habeas purposes, the petitioner relies on the following dicta in *Jones:* "[t]his Court itself has repeatedly held that habeas corpus is available to an alien seeking entry into the United States, although in those cases each alien was free to go anywhere else in the world." Pet. at ¶ 15

(quoting *Jones,* 371 U.S. at 239, 83 S.Ct. 373).

The respondent points out, however, that *Jones* did not address whether habeas relief is available to aliens living freely abroad. Mot. to Dismiss at 4. This court's review of the cases cited in *Jones* suggests that ͘the Supreme Court only intended to extend habeas jurisdiction to aliens held at a point of entry into the United States. *Jones,* 371 U.S. at 239 n. 9, 83 S.Ct. 373 (citing *Brownell v. ͘We Shung,* 352 U.S. 180, 77 S.Ct. 252, 1 L.Ed.2d 225 (1956) (holding that an alien detained at a point of entry in San Francisco is deemed to be in custody for habeas purposes); *Shaughnessy v. United States ex rel. Mezei,* 345 U.S. 206, 207, 213, 73 S.Ct. 625, 97 L.Ed. 956 (1953) (holding that an alien detained at Ellis Island is considered to be in custody for habeas purposes); *Knauff;* 338 U.S. at 539–40, 70 S.Ct. 309 (same); *United States v. Jung Ah Lung,* 124 U.S. 621, 626, 8 S.Ct. 663, 31 L.Ed. 591 (1888) (holding that a prisoner detained on board of a vessel in the port of San Francisco is deemed to be in custody for habeas purposes)). *See also, Samirah v. O'Connell,* 335 F.3d 545, 550–51 (7th Cir.2003) (explaining that "it stretches beyond what the English language or logic will bear" to broaden the meaning of the term "in custody" to apply to "all aliens seeking entry into the United States, regardless of their otherwise unfettered mobility outside of this country").

▮ Furthermore, the petitioner ignores that "[t]he distinction between an alien who has effected an entry into the United States and one who has never entered runs throughout immigration law." *Zadvydas v. Davis,* 533 U.S. 678, 693, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001). The *We ͘Shung* Court expressly stated: "[w]e do not suggest, of course, that an alien who has never presented himself at the borders of this country may ͘avail himself

of [relief[5]] by bringing the action from abroad." *We Shung*, 352 U.S. at 184 n. 3, 77 S.Ct. 252. More importantly, "an alien who seeks admission to this country may not do so under any claim of right. Admission of aliens to the United States is a privilege granted by the sovereign United States Government ... only upon ·such terms as [it] shall prescribe." *Knauff*, 338 U.S. at 542, 70 S.Ct. 309. Because habeas corpus relief is unavailable to aliens living freely abroad, the Supreme Court's decision in *Jones* is inapplicable to the petitioner's situation.

### b. The D.C. Circuit has Declined to Extended Habeas Jurisdiction to Aliens Living Freely Abroad

The petitioner also argues that the D.C. Circuit allows aliens to bring habeas actions to challenge administrative decisions. Pet'r's Opp'n at 7–8 (citing *Bruno*, 197 F.3d at 1161). The petitioner, however, ignores that the D.C. Circuit's interpretation of the term "in custody" is consistent with the Supreme Court's case law. In *Bruno*, an alien was denied access into the United States to "confront and counter" the Consular's decision to deny the visa renewal application. *Bruno*, 197 F.3d at 1155. The D.C. Circuit noted that "[t]he right to seek habeas relief arose as a consequence of the alien's being in custody; it did not rest on any right to entry." *Id.* at 1161. Moreover, when Congress amended the immigration laws in 1961, "Congress ensured that only aliens in custody could challenge exclusion orders, a legislative decision *implicitly precluding review to aliens located abroad.*" *Id.* (emphasis added). The D.C. Circuit expressly stated that "aliens residing abroad were barred from challenging consular visa decisions in federal court unless legislation specifically permitted such actions." *Id.* at 1162. The court reasoned that extending habeas jurisdiction over aliens living freely abroad would give them greater remedies than to those aliens detained at ports of entry, a result that Congress could not have intended. *Id.* at 1161.

 More recently, in *Chun v. Powell* the D.C. Circuit held that the decision to exclude aliens from the United States or to prescribe the terms and conditions that govern their entry is exclusively an executive decision. *Chun v. Powell*, 223 F.Supp.2d 204, 206 (D.D.C.2002). Courts cannot intervene "even where it is alleged that the consular officer failed to follow regulations, where the applicant challenges the validity of the regulations on which the decision was based, or where the decision is alleged to have been based on a factual or legal error." *Id.* (internal citations omitted). Thus, the court does not have jurisdiction in this case even if the petitioner is correct in claiming that the authorities have denied him entry in error.[6]

---

5. Shung, a Chinese alien, requested judicial review of his exclusion order by a declaratory judgment action, rather than habeas corpus. The Court held that an order excluding an alien may be reviewed by an action for declaratory judgment and by habeas corpus. *Brownell v. Tom We Shung* 351 U.S. 905, 76 S.Ct. 697, 100 L.Ed. 1441 (1956). Today, habeas corpus is the only remedy available to aliens seeking review of exclusion orders because in 1961 Congress amended the immigration laws to prohibit declaratory relief in such situations. *Bruno v. Albright*, 197 F.3d 1153, 1161 (D.C.Cir.1999).

6. The petitioner argues that he is eligible for advance parole and that the Attorney General's denial of his parole application was in error. Pet'r's Pet. for Writ of Habeas Corpus ¶ 17 (citing *Gutierrez v. Ilchert*, 682 F.Supp. 467 (N.D.Cal.1988)). The petitioner, however, is not eligible for advance parole because advance parole is only available to an "alien who is already in the United States but who also wants the assurance that he will be allowed to leave and return." *Samirah*, 335 F.3d at 548.

### c. The Ninth Circuit's Exception to Habeas Jurisdiction is Inapplicable to Petitioner's Case

The petitioner lastly argues that he should be granted habeas relief by pointing to *Miranda v. Reno,* in which the Ninth Circuit extended habeas corpus jurisdiction to aliens that had already been removed from the United States. Pet'r's Opp'n at 6 (citing *Miranda v. Reno,* 238 F.3d 1156, 1159 (9th Cir.2001), *cert. denied,* 534 U.S. 1018, 122 S.Ct. 541, 151 L.Ed.2d 419 (2001)). The *Miranda* decision is not applicable to this case. First, it is unclear whether *Miranda* is compatible with the D.C. Circuit's holding in *Bruno,* where the court categorically denies the application of habeas jurisdiction to aliens living freely abroad. *Bruno,* 197 F.3d at 1162. Second, even if this court could adhere to the *Miranda* exception, the petitioner's case does not fall within it. *Miranda* allows the exercise of habeas jurisdiction over aliens who have already been removed only under "extreme circumstances," such as "when the INS removed an immigrant 'in violation of the immigration judge's order and after interference with his right to counsel.'" *Miranda,* 238 F.3d at 1159 (quoting *Singh v. Waters,* 87 F.3d 346, 349 (9th Cir.1996)). The Ninth Circuit in *Miranda* refused to exercise habeas jurisdiction over an alien who was removed pursuant to a valid judicial removal order and who wished to review that order. *Id.* at 1159. The Ninth Circuit emphasized that the petitioner was "subject to no greater restraint than any other non-citizen living outside American borders." *Id.* Similarly here, the petitioner is subject to no greater restraint than any other non-citizen seeking entrance into the United States.

▮ Accordingly, this court cannot review the Consular's decision to deny the petitioner's visa requests or the Attorney General's denial of the petitioner's requests for advance parole unless such review is specifically authorized by law. *See Knauff,* 338 U.S. at 543, 70 S.Ct. 309. Moreover, the petitioner cannot invoke habeas corpus jurisdiction because he is neither physically restrained nor detained at a point of entry into the United States; rather, he is residing freely abroad. *Samirah,* 335 F.3d at 549. To extend habeas relief that far would be antithetical to the limited jurisdiction that courts have over such matters.

## IV. CONCLUSION

For the foregoing reasons, the court grants the United States' motion to dismiss petitioner's petition for writ of habeas corpus. An order consistent with this Memorandum Opinion is separately and contemporaneously issued this 29th day of June 2005.