**Sunil Lotus AIYADURAI, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE and Gerald L. Coyle, District Director of Immigration and Naturalization Service, Respondents.**

No. 81–2202.

United States Court of Appeals, Eighth Circuit.

Submitted May 17, 1982.

Decided July 28, 1982.

Alan W. Weinblatt, St. Paul, Minn., for petitioner Aiyadurai.

Lauri Steven Filppu, Robert Kendall, Jr., Attys., Dept. of Justice, Washington, D. C., for respondents.

Before BRIGHT and McMILLIAN, Circuit Judges, and HARRIS,* Senior District Judge.

McMILLIAN, Circuit Judge.

Sunil Lotus Aiyadurai petitions for review of an order of the Board of Immigration Appeals (BIA) denying her motion to reopen deportation proceedings pursuant to Section 106(c) of the Immigration and Nationality Act (the Act), 8 U.S.C. § 1105a(c). For the reasons discussed below, we affirm BIA's denial to reopen but vacate the order of deportation dated October 1981, and remand to the Immigration and Naturalization Service (Service) to reinstate Aiyadurai's status of voluntary departure and determine the date of departure.

Aiyadurai, a native and citizen of Ceylon, entered the United States on August 15, 1973, as a non-immigrant exchange visitor under an employment contract with La Pepiniere Montessori School in Edina, Minnesota. Aiyadurai was initially authorized to remain in this country until August 10, 1974, but the Service granted several stays which extended her departure date to July 31, 1976. Aiyadurai continues to reside in this country and has been employed by various Minnesota Montessori schools as a teacher since her arrival to the present time.

On December 25, 1975, while employed by the Minnetonka Montessori School, Aiyadurai filed an application for adjustment of status with the Service accompanied by a sixth-preference visa petition. The Service advised her that the visa petition had to be supported by an alien employment certification [1] (labor certification) from the Department of Labor (the Department). Application for the labor certification was then filed on Aiyadurai's behalf by Minnetonka Montessori. On October 16, 1976, the Department of Labor denied the application; that decision was not appealed.

Due to Aiyadurai's failure to obtain the labor certification, Minnetonka Montessori replaced her with another teacher. Aiyadurai was subsequently hired by the Edina Montessori School where she has been employed since 1976 to the present time. In July 1976, Edina Montessori filed an application for labor certification on Aiyadurai's behalf which was denied by the Department on November 1, 1976. Shortly thereafter, deportation proceedings were initiated against Aiyadurai by an Order to Show Cause and notice of hearing. Prior to the

---

* The Honorable Oren Harris, United States Senior District Judge for the Eastern and Western District of Arkansas, sitting by designation.

1. In the cases of aliens seeking to enter the United States to perform skilled or unskilled labor, the Secretary of Labor determines and certifies to the Secretary of State and Attorney General (a) whether there are sufficient workers who are able, willing, qualified and available in the United States at the places of destination of the aliens; and (b) whether the aliens' employment will adversely affect the wages and working conditions of workers in the United States who are similarly employed. 8 U.S.C. § 1182(a)(14), 20 C.F.R. § 656. Without an approved labor certification, an alien immigrant, who is not exempt therefrom, cannot achieve permanent resident in the United States.

hearing, Aiyadurai appealed the denial of her labor certification to the Department. The appeal was denied on December 27, 1976.

At the deportation hearing on February 17, 1977, while represented by counsel, Aiyadurai admitted her deportability as an overstay visitor and was granted the privilege of voluntary departure within ninety days under § 244(e) of the Act, 8 U.S.C. § 1254(e). Aiyadurai waived her right to an administrative appeal[2] from the deportation order to the BIA. Prior to the expiration date, Aiyadurai requested and received two extensions of her voluntary departure date to February 1, 1979.[3]

On August 2, 1978, Aiyadurai filed an action in federal district court seeking injunctive and declaratory relief for the denial of her labor certification. By agreement of the parties the case was remanded for reconsideration to the Department of Labor and on September 7, 1978, the Department granted the labor certification application that had been filed on Aiyadurai's behalf by Edina Montessori. On October 31, 1978, Aiyadurai resubmitted her application for adjustment of status and sixth-preference visa petition together with the labor certification. The Service approved the visa petition and Aiyadurai was granted sixth-preference status on January 31, 1979. However, the Service informed Aiyadurai that in order to be eligible for adjustment of status she would have to make a motion to reopen her deportation proceedings.

Aiyadurai filed a motion to reopen on March 2, 1979. However, in March 1981 the motion was denied, without a hearing, based on a finding by the immigration judge that she was statutorily ineligible for adjustment of status by reason of § 245(c)(2) of the Act, 8 U.S.C. § 1255(c), as amended by Pub.L. 94–571, 90 Stat. 2703 (effective January 1, 1977), which provides in relevant part, "[t]he provisions of this section [§ 1255, Adjustment of Status] shall not be applicable to . . . (2) an alien . . . who hereafter continues in or accepts unauthorized employment prior to filing an application for adjustment of status." It was undisputed that Aiyadurai's employment with Edina Montessori constituted unauthorized work within the meaning of the statute.

The immigration judge also found that the July 18, 1977, instruction[4] of the Deputy Commissioner of the Service whereby nunc pro tunc authorization to accept employment was granted to an alien who was the beneficiary of a visa petition filed before January 10, 1977, and who could have properly filed an application for adjustment of status pursuant to the simultaneous filing provisions then in effect, 8 C.F.R. § 245.2(a)(2), did not encompass Aiyadurai's application because she was not the beneficiary of a visa filed before January 10, 1977.

The decision denying Aiyadurai's motion to reopen was affirmed without a hearing by the BIA, and on October 23, 1981, Aiyadurai was informed that she was to be deported from the United States on November 9, 1981. This appeal followed.

We hold at the outset that the only matter before this court is the denial of Aiyadurai's motion to reopen the deportation proceedings. Aiyadurai does not agree with this holding. In her brief she asserts

---

**2.** *See* 8 C.F.R. § 3.1(b).

**3.** From the record it appears that the first extension was granted so that Aiyadurai could complete the school year. The second extension was due to consideration of a private bill that had been presented to Congress on her behalf. On March 8, 1978, Congress took adverse action on the private bill.

**4.** The instruction provides in relevant part:
  On or before December 30, 1977, an alien may file an adjustment application and have it adjudicated under the law and regulations as it existed on January 9, 1977, provided that the alien has been in the United States prior to January 10, 1977, and is the beneficiary of a visa petition filed before that date which has been or will be approved, and could under 8 C.F.R. § 245.2(a)(2) have properly filed an application for adjustment with that visa petition. An alien so filing an application for adjustment may be deemed to have authorization to accept employment as of the date the visa petition was filed.
  54 Interpreter Releases 29 (July 21, 1977).

that she was denied effective assistance of counsel at her February 17, 1977, deportation proceedings as evidenced by the fact that she conceded deportability and waived her right to appeal. She further asserts that she was prejudiced by Edina Montessori's failure to file a sixth-preference visa petition on her behalf prior to January 10, 1977. Aiyadurai apparently reasons that this prejudice provides an independent ground for this court to review the original deportation proceeding. Neither of these arguments has merit.

Aiyadurai failed to exhaust her administrative remedies by appealing the immigration judge's finding of deportability to the BIA. Therefore, any judicial review by this court pertaining to that order of deportation is precluded. "An order of deportation or of exclusion shall not be reviewed by any court if the alien has not exhausted the administrative remedies available to him as of right under the immigration rules and regulations." 8 U.S.C. § 1105a(c).

■ Furthermore, even if Aiyadurai had exhausted her administrative remedies, we could not now review the deportation proceedings. This court does have authority to review both final deportation orders, 8 U.S.C. § 1105a, and denials of motions to reopen deportation proceedings, *see, e.g., Te Kuei Liu v. INS*, 645 F.2d 279, 282 (5th Cir. 1981). There is, however, a time limit applicable to our power of review. "[A] petition for review may be filed not later than six months from the date of the final deportation order." 8 U.S.C. § 1105a(a)(1). In the present case Aiyadurai's petition for review was filed within six months of the order denying the motion to reopen deportation proceedings, but the motion to reopen the deportation proceedings was not filed within six months of the deportation order. Therefore, the only question before this court is the propriety of the denial of the motion to reopen. *See Vergel v. INS*, 536 F.2d 755, 757 (8th Cir. 1976).

■ Our review of a denial of a motion to reopen is limited to determining whether the denial was an abuse of discretion. *See, e.g., Vasquez-Contreras v. INS*, 582 F.2d 334 (5th Cir. 1978); *Tupacyupanqui-Marin v. INS*, 447 F.2d 603 (7th Cir. 1971). However, where, as here, the denial rests on a finding that the alien is statutorily ineligible for adjustment of status, the Service's decision is subject to review for errors of law. *See, e.g., Ka Fung Chan v. INS*, 634 F.2d 248 (5th Cir. 1981); *Yui Sing Tse v. INS*, 596 F.2d 831 (9th Cir. 1979).

■ In the present case we conclude that BIA's denial to reopen the deportation proceedings is supported by the applicable law. It is undisputed that Aiyadurai continued her unauthorized employment with Edina Montessori after January 1, 1977, and prior to the filing of her application for adjustment of status. Therefore, she is statutorily ineligible for adjustment of status under 8 U.S.C. § 1255(c). In addition, it is undisputed that the Service's instruction of July 18, 1977, would not have given nunc pro tunc authorization for Aiyadurai's unauthorized employment because she was not the beneficiary of a visa filed prior to January 10, 1977. *See* note 4.

■ Aiyadurai next asserts that it was an abuse of discretion for the government to deny a hearing on her petition to reopen. We disagree. The immigration judge and BIA had all the facts before them when they determined that Aiyadurai was statutorily ineligible for status adjustment. The facts are undisputed and establish that Aiyadurai failed to establish a prima facie case of eligibility. Under such circumstances, there was no abuse of discretion in failing to provide an evidentiary hearing. *See INS v. Jong Ha Wang*, 450 U.S. 139, 101 S.Ct. 1027, 67 L.Ed.2d 123 (1981) (holding that a motion to reopen deportation proceedings will not be granted when a prima facie case of eligibility for relief has not been established).

■ Aiyadurai's next argument seeks equitable relief. In essence, she contends that she is eligible for relief under 8 U.S.C. § 1255 because she had a right to labor certification at the time she first applied in 1975 and again in 1976, as evidenced by the district court's remand, and that if the cer-

tification had been properly granted, she would have obtained an adjustment of status before the unauthorized work bar was adopted.

In response the government argues that this court cannot review the Department's previous denials of the labor certificate because those denials are collateral to the entry of the original deportation proceedings which is not before this court. We agree.

The Labor Department's denials of the labor certification are ancillary to the original deportation proceedings. As explained earlier, we cannot review the original deportation proceedings and therefore we do not have jurisdiction to review matters ancillary thereto.

In addition, we conclude that there are no facts on which to base an estoppel theory. At oral argument Aiyadurai's counsel argued that the fact the immigration judge extended her voluntary departure date until July 30, 1977, so that she could complete the school year but did not inform her of the unauthorized work bar constitutes an affirmative act that should estop the Service from deporting her for working in violation of the conditions of her non-immigrant status. We disagree.

■ There is no requirement in the Act that an alien be warned by the Service of the consequences of a change in the law in which the alien is seeking a benefit. "[I]t is not the failure to do something which may lead to estoppel against the government agency; the conduct complained about must be an affirmative act." *Oki v. INS,* 598 F.2d 1160, 1162 (9th Cir. 1979), *citing United States v. Ruby,* 588 F.2d 697, 703–04 (9th Cir. 1978), *cert. denied,* 442 U.S. 917, 99 S.Ct. 2838, 61 L.Ed.2d 284 (1979); *Santiago v. INS,* 526 F.2d 488, 491 (9th Cir. 1975) (banc), *cert. denied,* 425 U.S. 971, 96 S.Ct. 2167, 48 L.Ed.2d 794 (1976). The failure of the immigration judge to advise Aiyadurai that she should not work at a time when she admitted deportability, was granted the privilege of extending her voluntary departure date so that she could complete the school year and waived her right to appeal

the finding of deportability is clearly not affirmative misconduct as to give rise to an estoppel against the government. *See Santiago v. INS,* 526 F.2d 488.

■ Aiyadurai next argues that the Service should be estopped based on the Department's alleged negligence in withholding her labor certification. She asserts that her argument is supported by the Ninth Circuit's decision in *Sun Il Yoo v. INS,* 534 F.2d 1325 (9th Cir. 1976) (*Yoo*). We disagree. In *Yoo,* the Service allowed the petitioner to file a new application for permanent resident status after the petitioner had cleared up certain of the Service's misapprehensions regarding his eligibility. Although it was certain that petitioner was eligible when he filed his new application, the Service delayed a decision on the application for one year. During the delay, new regulations made the petitioner ineligible again. The court estopped the Service from applying the new regulations because there was no justification for the delay. In so ruling the court stressed that there was no more affirmative action that Yoo could have taken, *id.* at 1328 n.4, and that the Service had Yoo's application, which clearly showed his eligibility, before it for a period of time prior to the enactment of new regulations. In contrast, in the present case Aiyadurai had not exhausted her administrative or judicial remedies regarding the denial of labor certification prior to the enactment of the unauthorized work bar. Her first labor certification was denied on October 16, 1975; no appeal was taken. Her second labor certification was denied on November 1, 1976. Aiyadurai did not appeal this decision until after she received an order to show cause regarding her deportability. Finally, on August 2, 1978, one and one-half years after she had been found deportable, Aiyadurai sought judicial review of the denial of labor certification. Meanwhile, the unauthorized work bar had been adopted in October 1976, to be effective January 1, 1977. Consequently, in contrast to *Yoo,* the Service did not have Aiyadurai's application before it prior to the enactment of the regulations which made

her ineligible for adjustment of status. We conclude that the fact there was more affirmative action that Aiyadurai could have taken distinguishes the present case from *Yoo.*

Finally, Aiyadurai asserts that the government's denial of her motion for adjustment of status renders the federal district court's decision remanding the issue of her labor certification meaningless. We disagree. As the government's counsel correctly noted, the unauthorized work bar does not prohibit Aiyadurai from applying for suspension of deportation pursuant to 8 U.S.C. § 1254 or using her labor certification in applying for reentry to the United States.

However, in order for Aiyadurai to utilize these alternatives she should be restored to voluntary departure status. Although this issue has not been raised on appeal, we note that Aiyadurai qualified for voluntary status at the February 1977 deportation hearing and there is no indication in the record that she does not continue to qualify. In addition the government's attorney conceded at oral argument that but for the unauthorized work bar, Aiyadurai would probably have received a change in status. Therefore, we conclude that, under the circumstances of this case, the order of deportation should be vacated and the status of voluntary departure should be reinstated.

Remanded to the Board of Immigration Appeals for further proceedings consistent herewith.