Romeo V. CENTENO and Bruce A. Coane, Plaintiffs-Appellants,

v.

George P. SHULTZ, Secretary of State, et al., Defendants-Appellees.

No. 87–2133
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

June 1, 1987.
Rehearing Denied July 17, 1987.

Bruce A. Coane, Houston, Tex., for plaintiffs-appellants.

Hays Jenkins, Jr., Frank A. Conforti, Asst. U.S. Atty U.S. Dept. of Justice, Houston, Tex., Richard M. Evans, Eloise Rosas, Attys., Office of Imm. Lit., Civil Div., Dept. of Justice, Washington, D.C., for defendants-appellees.

Before GEE, RUBIN and JOLLY, Circuit Judges.

PER CURIAM:

Romeo Centeno and Bruce Coane appeal from the district court's dismissal of their lawsuit against the appellees. Because we find that the consular officer's decision to deny Centeno a visa to enter this country was not reviewable by a federal court, we affirm the dismissal of the appellants' lawsuit.

Romeo Centeno, a citizen of the Philippines, applied for a visitor's visa to the United States on or around April 1, 1986. This application was denied by a consular official at the United States Embassy in Manila. Despite further efforts on behalf of Centeno by his brother-in-law, Bruce Coane, a United States citizen, no visa for Centeno was obtained. Acting on behalf of himself and Centeno, Coane filed a complaint against the appellees in United States District Court on July 17, 1986. The complaint alleged that the denial of Centeno's visa application was not authorized by the Immigration and Nationality Act, constituted arbitrary and capricious action, and violated Coane's first amendment rights. The appellants' complaint was dismissed by the district court on January 23, 1987.

Under *Kleindienst v. Mandel*, 408 U.S. 753, 92 S.Ct. 2576, 33 L.Ed.2d 683 (1972), the denial of visas to aliens is not subject to review by the federal courts. 408 U.S. at 766, 92 S.Ct. at 2583. Where the statute under which the alien is excluded provides for a waiver of exclusion, the denial of the waiver is subject to only a minimal review by federal courts. *Id.* at 770, 92 S.Ct. at 2585. Such review is limited solely to the determination of whether a facially legitimate and bona fide reason exists for the denial of the waiver. *Id.* Since Centeno was denied a visa under 8 U.S.C. § 1184(b),[1] which does not provide

---

1. 8 U.S.C. § 1184(b) provides:

Every alien shall be presumed to be an immigrant until he establishes to the satisfaction of the consular officer, at the time of application for a visa, and the immigration officers, at the time of application for admission, that he is entitled to a nonimmigrant status under section 1101(a)(15) of this title. An alien who is an officer or employee of any foreign government or of any international organization entitled to enjoy privileges, exemptions, and immunities under the Interna-

for a waiver, however, the denial of his visa is not subject to any review by a federal court.

This result is in accord with our prior holdings that decisions of United States consuls on visa matters are nonreviewable by the courts. *Te Kuei Liu v. INS*, 645 F.2d 279, 285 (5th Cir.1981); *Gonzalez-Cuevas v. INS*, 515 F.2d 1222, 1224 (5th Cir.1975). The district court's dismissal of the appellants' suit is therefore

AFFIRMED.

tional Organizations Immunities Act, or an alien who is the attendant, servant, employee, or member of the immediate family of such alien shall not be entitled to apply for or receive an immigrant visa, or to enter the United States as an immigrant unless he exe- cutes a written waiver in the same form and substance as is prescribed by section 1257(b) of this title.

Centeno applied for a nonimmigrant visitor's visa.