USCA1 Opinion

 

 December 9, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-1378 STEPHEN O. DAWODU, Petitioner, v. IMMIGRATION AND NATURALIZATION SERVICE, Respondent. ____________________ ON PETITION FOR REVIEW OF AN ORDER OF THE BOARD OF IMMIGRATION APPEALS ____________________ Before Cyr, Circuit Judge, _____________ Campbell, Senior Circuit Judge, and ____________________ Stahl, Circuit Judge. _____________ ____________________ Stephen O. Dawodu on brief pro se. _________________ Frank W. Hunger, Assistant Attorney General, Civil Division, _________________ Nelda C. Reyna and Richard M. Evans, Attorneys, Office of Immigration _______________ ________________ Litigation, Civil Division, on brief for respondent. ____________________ ____________________ Per Curiam. Petitioner Stephen Dawodu seeks review __________ of a Board of Immigration Appeals order denying his motion seeking reconsideration of the Board's dismissal of his appeal from an immigration judge's denial of his motion to reopen his deportation proceedings. We deny the petition for review for the reasons stated by the Board in its decisions dated February 23, 1994 and April 8, 1994. We add only the following brief comments. On appeal, Dawodu suggests that one of the questions before us is the validity of his deportation order. We disagree. Since Dawodu failed to file any appeal from that order, the only issue before us is essentially whether his motion to reopen was properly denied. See Aiyadurai v. ___ _________ INS, 683 F.2d 1195, 1198-99 (8th Cir. 1982). Dawodu's ___ argument that he should not be deported because he had a valid, approved visa petition is not relevant to that issue. Other arguments that Dawodu raises now were not presented to the Board and thus are deemed waived. See Thomas v. INS, 976 ___ ______ ___ F.2d 786, 789 (1st Cir. 1992). Finally, the plain language of 8 U.S.C. 1252b(c)(3)(A) forecloses rescission of deportation orders if a motion to reopen is not timely filed under the statute. Therefore, to the extent that the immigration judge may have believed that he had discretion to consider Dawodu's motion despite the statutory bar, he erred. -2- The petition for review is denied. __________________________________ -3-