**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

NOUMAY SIRIPHOUNSAVAT,
Petitioner,

v.

No. 94-2487

U. S. IMMIGRATION &
NATURALIZATION SERVICE,
Respondent.

On Petition for Review of an Order of the Immigration and
Naturalization Service.
(A71-981-726)

Argued: May 5, 1995

Decided: February 12, 1996

Before RUSSELL, WIDENER, and LUTTIG, Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Robert Sidney Smith, MCGUIRE, WOODS, BATTLE &
BOOTHE, Washington, D.C., for Petitioner. Jane Gomez, Office of
Immigration Litigation, Civil Division, UNITED STATES DEPART-
MENT OF JUSTICE, Washington, D.C., for Respondent. **ON
BRIEF:** Robert R. Vieth, Ann W. Zedd, MCGUIRE, WOODS, BAT-
TLE & BOOTHE, Washington, D.C., for Petitioner. Frank W. Hun-
ger, Assistant Attorney General, Philemina McNeill Jones, Office of
Immigration Litigation, Civil Division, UNITED STATES DEPART-
MENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Petitioner Noumay Siriphounsavat (Achan Noumay) seeks review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's order denying his motion to reopen his deportation proceedings, which were held in absentia as permitted under 8 U.S.C. § 1252(b) where an alien "has been given a reasonable opportunity to be present" at the hearing but fails to appear. Achan Noumay argues that he had no such reasonable opportunity, because he did not receive notice of the deportation hearing as required by 8 U.S.C. § 1252b(a)(1), (2). For the reasons stated below, we deny the petition for review.

The denial of a motion to reopen a deportation proceeding is reviewed for abuse of discretion, see Yanez-Popp v. INS, 998 F.2d 231, 234 (4th Cir. 1993), and our review does not encompass the merits of the immigration judge's decision to order deportation, from which Achan Noumay did not timely appeal. See, e.g., Aiyadurai v. INS, 683 F.2d 1195, 1198-99 (8th Cir. 1982).

The Board did not abuse its discretion in finding that Achan Noumay failed to meet his burden, under 8 U.S.C. § 1252b(c)(3)(B), of showing that he did not receive notice of his deportation proceeding. Achan Noumay has presented no evidence that it was practicable for the INS to serve him personally, and the evidence in the record is to the contrary. It shows that Noumay was living in Florida, not in Texas as his asylum documents stated, and that he failed to notify the Attorney General of his new address as required by 8 U.S.C. §§ 1302, 1305. In addition, Achan Noumay has presented no evidence that the INS did not send sufficient written notice by certified mail, return receipt requested, to his last known address, or that such notice was not received at that address by a responsible person. See 8 U.S.C. § 1252b(a)(1), (2).* On the motion to reopen deportation proceedings,

_____

*We are told, and have no reason not to believe, that Achan Noumay is a perfectly good and honorable man. The argument largely goes that

2

we are of opinion that it was petitioner's burden to present such evidence and that he failed to do so.

For the reasons stated by the Board of Immigration Appeals in its order of September 21, 1994, Achan Noumay's petition for review is

DENIED.

_____

he has been poorly served or advised from time to time by his attorneys as to leaving his correct address with the INS as required. Taking much of the argument at face value, however, we cannot overlook form G-325A, a part of his request for asylum, which appears at page 132 of the administrative record. That form is signed by Achan Noumay, not his attorney. It is dated January 9, 1992 and lists his address as 7101 Oakview Ct., Wautaga, Texas as his residence from July, 1991 until the then-present time. The decision of the Board shows, supported by the record, that the Order to Show Cause dated August 31, 1992 was sent by certified mail to Achan Noumay at that address. The same applies to a notice of a hearing date scheduled for January 11, 1993.