**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

DESIRE KOFFI YEBOUA,
Petitioner,

v.

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
Respondent.

No. 96-1267

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A72-378-611)

Submitted: March 27, 1997

Decided: April 9, 1997

Before RUSSELL, LUTTIG, and MICHAEL, Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

**COUNSEL**

Carrie Crawford, Washington, D.C., for Petitioner. Frank W. Hunger,
Assistant Attorney General, David J. Kline, Deputy Director, Jane
Gomez, Office of Immigration Litigation, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Petitioner Desire Koffi Yeboua seeks review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's order denying his motion to reopen his deportation proceedings. The immigration judge held the proceedings in absentia as permitted under 8 U.S.C. § 1252(b) (1994) where an alien "has been given a reasonable opportunity to be present" at the hearing but fails to appear. Yeboua argues that because he was not afforded effective assistance of counsel regarding his in absentia proceeding, the immigration judge erred in declining to reopen the proceeding. Yeboua further contends that the INS failed to show that Yeboua received sufficient notice of the hearing he missed and that the motion to reopen should have been granted on that ground. See 8 U.S.C. § 1252B(c)(3)(B) (1994). For the reasons stated below, we deny the petition for review.

Even as a threshold matter, Yeboua faces a difficult task in this petition. This court reviews the denial of a motion to reopen a deportation proceeding only for an abuse of discretion, see Yanez-Popp v. INS, 998 F.2d 231, 234 (4th Cir. 1993), and will uphold the denial absent a showing that the Board's action was arbitrary and capricious. Gottesman v. INS, 33 F.3d 383, 389 (4th Cir. 1994). Yeboua does not even suggest such egregious action on the part of the Board. Moreover, our review at this juncture does not encompass the merits of the immigration judge's decision to order deportation, from which Yeboua did not timely appeal. See, e.g., Aiyadurai v. INS, 683 F.2d 1195, 1198-99 (8th Cir. 1982).

In his appeal to the Board of Immigration Appeals, Yeboua presented two claims. He suggested that the immigration judge erred by failing to consider the more lenient provisions of 8 C.F.R. § 242.22 (1995) in declining to reopen the proceeding and that the judge erred in failing to set bond. In this petition, Yeboua raises two entirely separate issues of ineffective assistance of counsel and inadequate notice from the INS of the scheduled hearing. "As a general rule, an alien who has failed to raise claims during an appeal to the BIA has waived his right to raise those claims before a federal court on appeal of those

2

claims." <u>Farrokhi v. INS</u>, 900 F.2d 697, 700 (4th Cir. 1990). Conse-quently, this court need not address Yeboua's claims of ineffective assistance of counsel and insufficient notice because he has waived his right to present them in this forum.

Yeboua's petition for review is denied. We dispense with oral argument because the facts and legal contentions are adequately pres-ented in the materials before the Court and argument would not aid the decisional process.

<u>PETITION DENIED</u>

3