129 F.3d 119
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Hubert Yaw NSIAH, Plaintiff-Appellant,
v.
Brian R. PERRYMAN, District Director, Immigration and
Naturalization Service, Chicago, Illinois, and
Barbara M. Johnson, U.S. Consular
Officer, Accra, Chana,
Defendants-Appellees.
 No. 97-1163.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 14, 1997.*
Decided Oct. 17, 1997.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division, No. 96 C 4313; James B. Zagel, Judge.
 Before CUMMINGS, MANION and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Hubert Yaw Nsiah appeals the district court's dismissal of his lawsuit for lack of subject matter jurisdiction. Nsiah, a United States citizen, filed for visas for two orphans from Ghana that he had adopted. Barbara Johnson, a consular officer in Accra, Ghana, denied the visas because of the lack of evidence that the children had ever lived with Nsiah. See 8 U. § .C. § 1101 101(b)(1)(E) (defining when an adopted child is considered a "child" under the Immigration and Naturalization Act). Nsiah argues that the officer should have applied 8 U.S.C. § 1101(b)(1)(F), which defines when an orphan adopted by a United States citizen will be considered a "child" under the Immigration and Naturalization Act (INA) and does not require that the prospective adopting parent live with the orphan prior to obtaining a visa for the child. However, the district court found that the doctrine of consular nonreviewability prevented it from exercising jurisdiction in this case. We affirm the district court.
 
 
 2
 Under the consular nonreviewability doctrine, the federal courts lack subject matter jurisdiction to review the grant or denial of a visa by a consul abroad. See Centeno v. Shultz, 817 F.2d 1212, 1214 (5th Cir.1987). Congress has broad power to exclude aliens from this country. See Kleindienst v. Mandel, 408 U.S. 753, 765-66 (1972). Using this power, Congress has delegated the power to issue and deny visas to consular officials. 8 U.S.C. § 1201(a); see also 8 U.S.C. § 1104(a) (prohibiting the Secretary of State from interfering in consuls' decisions on visa matters). Courts recognize that "the power to expel or exclude aliens [is] a fundamental sovereign attribute exercised by the Government's political departments largely immune from judicial control." Shaughnessy v. United States ex rel. Mezei, 345 U.S. 206, 210 (1953). Therefore, the judiciary has refused to intrude on the process of granting or denying visas. See Centeno, 817 F.2d at 1214; Li Hing of Hong Kong, Inc. v. Levin (9th Cir.1986).
 
 
 3
 Nsiah recognizes the existence of the consular nonreviewability doctrine, but asserts that the doctrine does not protect a consular official's misapplication of the law. However, if a district court lacks jurisdiction to review a consular official's decision, that court may not inquire into whether the official misapplied the law. See Grullon v. Kissinger, 417 F. Supp 337 (E.D.N.Y.1976), aff'd, 559 F.2d 1203 (2d Cir.1977). In Grullon, the petitioner's challenge to a consul's denial of a visa that allegedly was "the result of an erroneous interpretation and application of the [INA]" was dismissed for lack of jurisdiction. Id. at 338. Likewise, even though the petitioner in Centeno alleged that the consul's denial of his visa application was "not authorized" by the INA, the Fifth Circuit affirmed the dismissal of his lawsuit because the decision to deny him a visa was not reviewable by any federal court. See Centeno, 817 F.2d at 1213. Were we to interpret the consular nonreviewability doctrine the way that Nsiah suggests, the doctrine would cease to have any force. Petitioners who wanted their claims reviewed would simply cast the consul's denial as contrary to law.
 
 
 4
 Nsiah argues that a district court may review a consul's decision under 8 U.S.C. § 1329, which grants jurisdiction to district courts over "all causes" arising under the Immigration and Nationality Act (INA). However, Nsiah did not raise this argument in the district court. The argument is therefore waived. Retired Chicago Police Ass'n. v. City of Chicago, 76 F.3d 856, 870 (7th Cir.), cert. denied, 117 S.Ct. 305 (1996). Even if we were to consider this argument, we would find it without merit. One circuit court and several district courts that have considered the issue have found that § 1329 does not confer jurisdiction over consular decisions to deny visas. See, e.g., Rivera de Gomez v. Kissinger, 534 F.2d 518 (2d Cir.1976); Martinez v. Bell, 468 F.Supp. 719, 725-26 (S.D.N.Y.1979).
 
 
 5
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed. R.App. P. 34(a); Cir. R. 34(f)