990 F.Supp. 744 (1997)
Hung Chi DOAN, et al., Plaintiffs,
v.
IMMIGRATION & NATURALIZATION SERVICE, et al., Defendants.
No. 97CV1713JCH.
United States District Court, E.D. Missouri, Eastern Division.
December 14, 1997.
*745 Victoria F. Taylor, Santa Fe, NM, for Plaintiffs.
Edwin B. Brzezinski, Sr., Asst. U.S. Attorney, St. Louis, MO, for Defendants.

MEMORANDUM AND ORDER
HAMILTON, Chief Judge.
This matter arises on Defendants' Motion to Dismiss filed on October 23, 1997. Plaintiff filed a memorandum in opposition on November 10, 1997.

BACKGROUND
Plaintiff Lanh Thi Nguyen ("Nguyen"), a citizen and resident of Vietnam, is the wife of Plaintiff Hung Chi Doan, a United States citizen, and the mother of Plaintiffs Huy Duc Doan, Hoang Minh Doan, and Nhi Yen Doan, permanent residents of the United States. Hung Chi Doan and his three children reside in St. Louis, Missouri.
On February 13, 1993, Nguyen applied for admission as a refugee pursuant to 8 U.S.C. § 1157(c) of the Immigration and Nationality Act ("INA"). After interviewing Nguyen on June 30, 1993, INS officials found that Nguyen had made material misrepresentations and engaged in alien smuggling in the course of a 1992 interview with INS officials. Based on these findings, the INS denied Nguyen's application for refugee status pursuant to 8 U.S.C. § 1182(a)(6)(C)(i) and (a)(6)(E)(i).
Nguyen submitted an Application by Refugee for Waiver of Grounds of Excludability pursuant to 8 U.S.C. § 1157(c)(3) and 8 C.F.R. § 207 et seq. on June 12, 1996, and on February 16, 1997.[1] Defendant, District Director Olen R. Martin, a consular officer for the INS in Bangkok, Thailand, denied Nguyen's application for a refugee waiver based on 8 C.F.R. § 207.1(d). District Director Martin notified Nguyen of his decision in a letter dated May 2, 1997. The letter states, in relevant part, as follows:
Under consideration is an application by Refugee for Waiver of Grounds of Excludability (Form I-602). You have been found ineligible to be classified as a refugee under Title 8, Code of Federal Regulations, Part 207.1(d), which provides that "(A)ny applicant for refugee status who qualifies as an immediate relative ... shall not be processed as a refugee unless it is in the public interest.
Evidence of record establishes that you are the beneficiary of an approved Relative Visa Petition, with classification 201(b), spouse of United States citizen.[2] You are thus qualified as an immediate relative and may not be considered for refugee classification.
Given the fact that you have not been classified as a refugee, you are precluded from the filing of Form I-602. The application is herewith being returned.
(See Martin Letter, Attached to Complaint) (footnote added).
Subsequently, Plaintiffs filed a four-count complaint against Martin, the INS, and the INS Commissioner, Doris Meissner. Plaintiffs contend that the letter denying the refugee waiver indicates that District Director Martin "did not consider whether it would be in the public interest to process Plaintiff as refugee as required by 8 C.F.R. § 207.1(d)." (Complaint, ¶ 23). Plaintiffs seek declaratory relief, or alternatively, a writ of mandamus. (Wherefore ¶). Defendants move to dismiss the complaint for lack of jurisdiction, lack of standing, and failure to state a claim upon which relief can be granted.

*746 STANDARD FOR DISMISSAL
In passing on a motion to dismiss, a court must view the allegations in the complaint in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). A cause of action should not be dismissed for failure to state a claim unless, from the face of the complaint, it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); Hickman v. Tosco Corp., 840 F.2d 564, 565 (8th Cir.1988); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir.1978), cert. denied, 439 U.S. 1070, 99 S.Ct. 839, 59 L.Ed.2d 35 (1979). Thus, a motion to dismiss is likely to be granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir.1982).

DISCUSSION
Courts have long-recognized the power of Congress to regulate the admission of aliens into the United States. As the Supreme Court stated in Kleindienst v. Mandel, 408 U.S. 753, 92 S.Ct. 2576, 33 L.Ed.2d 683
The power of Congress to exclude aliens altogether from the United States, or to prescribe the terms and conditions upon which they may come to this country, and have its declared policy in that regard enforced exclusively through executive officers, without judicial intervention, is settled by our previous adjudications.
Id. at 766. (quoting Lem Moon Sing v. United States, 158 U.S. 538, 547, 15 S.Ct. 967, 39 L.Ed. 1082 (1895).[3] Pursuant to this power, Congress has authorized the Attorney General to admit any refugee into the United States, in her discretion "and pursuant to such regulations as the Attorney General, may prescribe, ..," 8 U.S.C. 1157(c), and to waive certain grounds of excludability delineated in 8 U.S.C. § 1182(a) with respect to refugees "for humanitarian purposes, to assure family unity, or when it is otherwise in the public interest." 8 U.S.C. 1157(c)(3).[4]
Under the authority of the Attorney General, regulations have been promulgated to determine whether an alien is eligible to be admitted as a refugee. 8 C.F.R. § 207.1 et seq. The applicant bears the burden of showing the "consular officer" or "officer in charge" that she is entitled to a visa, to admission as a refugee, or to other documentation. See 8 U.S.C. §§ 1201(g) and 1361. See also, 8 C.F.R. § 207.3(b).
Since the enactment of the INA, courts have consistently declined to exercise jurisdiction to review determinations of consular officers with respect to provisions of the INA and its implementing regulations.[5]See e.g., Centeno v. Shultz, 817 F.2d 1212 (5th Cir.1987); Ventura-Escamilla v. Immigration & Naturalization Service, 647 F.2d 28 (9th Cir.1981); Wan Shih Hsieh v. Kiley, 569 F.2d 1179 (2d Cir.1978). Courts will not review the decisions of consular officers even *747 where those decisions are based on action unauthorized by the INA. see e.g., Centeno v. Shultz, 817 F.2d 1212, 1213 (5th Cir.1987), on procedural irregularities, see e.g., Romero v. Consulate of United States, Barranquilla, Colombia, 860 F.Supp. 319 (E.D.Va.1994), or on errors of law. See e.g., Garcia v. Baker, 765 F.Supp. 426 (N.D.Ill.1990). Moreover, the doctrine of nonreviewability of consular decisions precludes judicial review irrespective of whether the plaintiff is a non-resident alien, see e.g., Braude v. Wirtz, 350 F.2d 702 (9th Cir.1965), or a United States citizen. See e.g., Centeno, 817 F.2d at 1213) (court declines jurisdiction where plaintiff, a United States citizen, was alien's brother-in-law); Burrafato v. United States Department of State, 523 F.2d 554 (2d Cir.1975) (court declines jurisdiction where plaintiff, a United States citizen, was alien's wife).
Plaintiffs "concede the courts have no jurisdiction to review discretionary alien admissibility determinations, such as whether to grant individual aliens visas, waivers, parole or refugee status, made by Executive officers outside the United States." (Memorandum in Opposition, at 1). Nevertheless, Plaintiffs contend that the Court has jurisdiction to review District Director Martin's decision because Martin failed to apply the correct legal standard in refusing to process Nguyen as a refugee pursuant to 8 C.F.R. § 207.1(d). Specifically, Plaintiffs argue that Martin failed to consider "whether processing Lanh Thi Nguyen as a refugee would be in the public interest." (Memorandum in Opposition, at 3).
The Court concludes that it is without jurisdiction to review the decision of District Director Martin. Essentially, Plaintiffs argue that the Court should review Martin's decision, as stated in the May 2, 1997 letter, because Martin committed a legal or procedural error in applying 8 C.F.R. § 207.1(d). Yet, as discussed, the Court is without jurisdiction to review even legal or procedural errors committed by consular officers. See e.g., Centeno, 817 F.2d at 1213; Romero, 860 F.Supp. at 319; Garcia, 765 F.Supp. at 426. While Plaintiffs cite several cases in support of the general proposition that administrative decisions "based on an erroneous legal standard ... is subject to review for errors of law," see e.g., Aiyadurai v. Immigration and Naturalization Service, 683 F.2d 1195 (8th Cir.1982) (court grants judicial review of decision of immigration judge regarding motion to reopen deportation proceedings pursuant to specific INA provision authorizing review, 8 U.S.C. § 1105a (repealed 1996), they do not cite a single case in support of the specific proposition that determinations of INS consular officers are subject to review.
Although the doctrine of nonreviewability of consular decisions has been heavily criticized by the academic community,[6] it is has been applied consistently throughout the federal judicial system. Furthermore, at least one court has noted that, the doctrine is "well-settled in established principles of national sovereignty," and that "[w]ere the rule to be otherwise, federal courts would be inundated with claims of disappointed and disgruntled off-shore aliens seeking review of consular officers' denials of their requests. ..." Romero, 860 F.Supp. at 319. Accordingly, the Court concludes that it is without jurisdiction to review District Director Martin's decision to deny refugee status to Lan Chi Nguyen. The Court will grant Defendants' Motion to Dismiss.[7]
ACCORDINGLY,
IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (Doc. No. 6) is *748 GRANTED. An Order of Dismissal will accompany this Memorandum and Order.
NOTES
[1] Section 1157(c)(3) authorizes the Attorney General to "waive any ... provision of ... [section 1182(a)] (other than paragraph (2)(C) or subparagraph (A), (B), (C), or (E) of paragraph (3)) with respect to ... an alien for humanitarian purposes, to assure family unity, or when it is otherwise in the public interest."
[2] Hung Chi Doan filed a Relative Visa Petition on behalf of his wife, Nguyen, on January 24, 1995, Although the Relative Visa Petition was approved initially, it was ultimately denied based on Nguyen's violations of the INA in 1992. See 8 U.S.C. § 1182(a)(6)(C)(i) and (a)(6)(E)(i).
[3] The Court notes that "an alien who seeks admission to this country may not do so under any claim of right. Admission of aliens to the United States is a privilege granted by the sovereign United States Government. Such privilege is granted to an alien only upon such terms as the United States shall prescribe." Knauff v. Shaughnessy, 338 U.S. 537, 542, 70 S.Ct. 309, 94 L.Ed. 317 (1950).
[4] The grounds upon which Nguyen has been excluded, see 8 U.S.C. § 1182(a)(6)(C)(i) and (a)(6)(E)(i), are subject to waiver under 8 U.S.C. § 1157(c)(3).
[5] Even before the passage of the INA, courts declined to exercise jurisdiction to review consular decisions. See e.g., United States ex rel. Ulrich v. Stimson, 279 U.S. 868, 49 S.Ct. 482, 73 L.Ed. 1005 (1929) ("We are not able to find any provision of the immigration laws which provides for an official review of the action of consular officers ... by a cabinet officer or other authority."); Oceanic Steam Navigation Co. v. Stranahan, 214 U.S. 320, 339, 29 S.Ct. 671, 53 L.Ed. 1013 ("over no conceivable subject is the legislative power of Congress more complete than it is over" the admission of aliens).
[6] See e.g., James A.R. Nafziger, Review of Visa Denials By Consular Officers, 66 Wash.L.Rev. 1, (1991) ("The availability of administrative and judicial review of visa denials would encourage greater consistency and uniformity of decisions on visa applications and better serve the interests of fairness and legitimacy").
[7] Because the Court will grant Defendant's Motion to Dismiss based on lack of jurisdiction, the Court need not discuss the alternative grounds raised in the motion, such as lack of standing. See Chinese American Civic Council v. Attorney General of the United States, 566 F.2d 321, 325 (D.C.Cir.1977) (court declines to address "the difficult and unquestionably far-reaching" question of whether a non-resident alien has standing to sue in federal court because "such an issue should be decided only when it is essential to disposing of the case and not in cases ... where the record readily allows for an alternative decision").