

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-6-2007

# Fasano v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3483

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Fasano v. USA" (2007). *2007 Decisions*. Paper 616.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/616

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-283                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-3483
_____

FRANK J. FASANO,

Appellant

v.

UNITED STATES OF AMERICA
ATTORNEY GENERAL OF THE UNITED STATES;
SECRETARY OF DEPARTMENT OF HOMELAND SECURITY;
CHRISTOPHER J. CHRISTIE, U.S. ATTORNEY;
ROBERT P. WEIMANN, DIR. AAO;
ACTING OFFICER IN CHARGE U.S DEPARTMENT
OF HOMELAND SECURITY

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 05-05874)
District Judge: Honorable William J. Martini

_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
June 28, 2007

Before: RENDELL, SMITH AND JORDAN, <u>CIRCUIT JUDGES</u>.

(Filed: August 6, 2007)

_____

OPINION

_____

PER CURIAM

Frank Fasano appeals from the District Court's order dismissing his civil rights complaint. For the reasons below, we will summarily affirm the District Court's order.

In 2005, Fasano filed a pro se civil rights action against the United States of America and various federal officials, alleging that his civil rights had been violated as a result of defendants' having denied his wife, Shirley Maia-Fasano, a visa to permit her to re-enter the United States.[1] He sought damages and an order directing the defendants to grant Maia-Fasano a visa to re-enter the United States. The defendants filed a motion to dismiss, which the District Court granted. The District Court explained that it did not have jurisdiction to review the decision regarding waiver of exclusion under the Act, noting that Fasano did not argue to the contrary, and held that Fasano's constitutional claim was without merit. Fasano timely appealed.

We conclude that the District Court properly granted the motion to dismiss Fasano's complaint. The Constitution "does not recognize the right of a citizen spouse to

[1]Maia-Fasano came to the United States from Brazil in 1996 as a non-immigrant visitor. Thereafter, she married an American citizen and filed an application for an adjustment of status based on the marriage. The application was denied in October 2001 for lack of prosecution. In 2004, Maia-Fasano divorced her first husband and married Fasano. She left the country thereafter to visit her mother, who was ill, and was denied re-entry in April 2004. Fasano filed for a waiver under section 212(a)(9)(B)(v) of the Immigration and Nationality Act on his wife's behalf. The application was denied in February 2005, by the Officer in Charge in Lima, Peru. That decision was appealed, but the appeal was dismissed. The case was reopened in November 2005; the prior decisions were affirmed.

2

have his or her alien spouse remain in the country." Bangura v. Hansen, 434 F.3d 487, 496 (6th Cir. 2006)(quoting Almario v. Attorney General, 872 F.2d 147, 151 (6th Cir. 1989)); see also Burrafato v. U.S. Dept. of State, 523 F.2d 554, 555 (2nd Cir. 1975) (reaffirming that no constitutional right of a citizen spouse is violated by deportation of his alien spouse).

As no substantial question is presented in this appeal, we will grant appellees' motion and will affirm the District Court's order. See 3rd Cir. LAR 27.4 and I.O.P. 10.6.