*Chen et al. v. Rubio et al.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

---

August Term, 2025

(Argued: September 26, 2025    Decided: October 29, 2025)

Docket No. 25-521-cv

---

XIAO P. CHEN, SHIMING CHEN, YAMIN YAN,

*Plaintiffs-Appellants*,

— v. —

MARCO RUBIO, in His Official Capacity as United States Secretary of State, DAVID PERDUE, in His Official Capacity as United States Ambassador to China, PAULINE KAO, in Her Official Capacity as United States Consul General, Guangzhou,

*Defendants-Appellees.*[*]

---

B e f o r e :

RAGGI, LYNCH, and PARK, *Circuit Judges*.

---

[*] The Clerk of Court is respectfully directed to amend the official caption in this case to conform with the caption above.

_____

Plaintiffs-Appellants Xiao P. Chen, Shiming Chen, and Yamin Yan are citizens of the United States. Each filed an immigration petition for a family member, which was approved. Each family member then applied for an immigrant visa, which, in each case, was denied shortly after an interview at the United States Consulate General in Guangzhou, China. Plaintiffs sought judicial review of those denials. The United States District Court for the Eastern District of New York (Nicholas G. Garaufis, *J.*) dismissed their claims because Yamin Yan's claim was brought in an improper venue, and Xiao P. Chen's and Shiming Chen's claims were barred by the doctrine of consular nonreviewability. We AFFIRM.

_____

JEAN WANG, Wang Law Office, Flushing, NY, *for Plaintiffs-Appellants*.

ELIZABETH GATES, Assistant United States Attorney (Varuni Nelson, Assistant United States Attorney, *on the brief*), *for* Joseph Nocella, Jr., United States Attorney, Eastern District of New York, Brooklyn, NY, *for Defendants-Appellees*.

_____

GERARD E. LYNCH, *Circuit Judge*:

Plaintiffs are three U.S. citizens whose family members unsuccessfully applied to this country's consulate in Guangzhou, China, for visas to enter the United States. Plaintiffs challenged those visa denials in federal court.

The district court (Nicholas G. Garaufis, *J.*) dismissed plaintiff Yamin Yan's claims without prejudice for improper venue. Plaintiff Yamin Yan did not challenge that dismissal on appeal, which moots his argument as to the merits.

We AFFIRM the district court's ruling and do not address his case further.[1]

The district court dismissed plaintiffs Xiao P. Chen's and Shiming Chen's claims with prejudice because the doctrine of consular nonreviewability barred their claims. We agree with the district court that the visa denials are insulated from judicial review. We therefore AFFIRM the district court's judgment dismissing those plaintiffs' claims with prejudice.

## BACKGROUND

A U.S. citizen can sponsor certain non-citizen relatives, including a spouse, parent, or sibling for an immigrant visa. 8 U.S.C. §§ 1151(b)(2)(A)(i), 1153(a)(4), 1154(a)(1)(A). The citizen must first petition U.S. Citizenship and Immigration Services ("USCIS") to have the non-citizen classified as a qualifying relative. *Id.* § 1154(a)(1)(A); 8 C.F.R. § 204.1(a)(1). Once USCIS approves, the non-citizen relative can apply for a visa from a consular officer abroad. 8 U.S.C. §§ 1201(a), 1202(a); 22 C.F.R. § 42.61(a). A consular officer may deny an application because the non-citizen is inadmissible under 8 U.S.C. § 1182(a), in which case the officer will provide the non-citizen with a timely written notice that states the denial and

---

[1] Accordingly, further references to "plaintiffs" in this opinion refer solely to the Chen plaintiffs.

"the specific provision or provisions of law under which the alien is inadmissible." 8 U.S.C. § 1182(b)(1).

Plaintiffs Xiao P. Chen and Shiming Chen are U.S. citizens sponsoring their sister and mother, respectively. Xiao's sister and Shiming's mother applied for visas from the U.S. consulate in Guangzhou, attended interviews there with consular officers, and received written denials shortly thereafter. The forms noting the denials identify "212(a)(6)(C) Fraud or misrepresentation" as the basis for the denials.[2] App'x 79, 83.

Plaintiffs challenged the visa denials in the Eastern District of New York. In relevant part, their Complaint asserts that the denials were "not facially legitimate and bona fide" and were "issued in bad faith," and that the notices of those denials were untimely. App'x 62–64, 66–67, 71–72. Defendants moved to dismiss under the doctrine of consular nonreviewability. After the motion was fully briefed, the Supreme Court decided *Department of State v. Muñoz*, holding that a U.S. citizen does not have "a fundamental liberty interest in [the]

---

[2] Section 212(a)(6)(C) of the Immigration and Nationality Act, codified at 8 U.S.C. § 1182(a)(6)(C), renders inadmissible to the United States "[a]ny alien who, by fraud or willfully misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) a visa . . . or other [immigration] benefit . . . ." 8 U.S.C. § 1182(a)(6)(C)(i).

4

noncitizen spouse being admitted to the country." 602 U.S. 899, 909 (2024). The parties then filed supplemental briefing addressing that decision.

The district court granted the motion to dismiss. *See Chen v. Blinken*, No. 23-CV-2279, 2025 WL 606221, at *9 (E.D.N.Y. Feb. 25, 2025). Following *Muñoz*, the district court held that plaintiffs lacked a constitutional right to reunite with their parent or sibling. Because no constitutional right was burdened, judicial review was unavailable. Finally, the district court rejected plaintiffs' alternative argument for rational basis review of denials regardless of whether they burdened constitutional rights as inconsistent with *Muñoz*.

The district court also considered plaintiffs' allegations that the visa denials had been issued in bad faith and concluded that plaintiffs' allegations were insufficient to make their claim of bad faith plausible. Finally, the district court rejected plaintiffs' alternative challenge to the timeliness of the denials, concluding that that challenge simply repackaged their disagreement with the merits of the denials.

This appeal followed.

## DISCUSSION

Plaintiffs' claims were correctly dismissed under the doctrine of consular

nonreviewability. That doctrine originates in the courts' recognition of Congress's "'plenary power to make rules' for the admission" and exclusion of non-citizens. *Kleindienst v. Mandel*, 408 U.S. 753, 766 (1972), quoting *Boutilier v. Immigr. & Naturalization Serv.*, 387 U.S. 118, 123 (1967). When Congress delegates exercises of that power to the Executive, and the Executive, pursuant to that delegation, denies admission to a non-citizen, that decision "'is final and conclusive.'" *Muñoz*, 602 U.S. at 908, quoting *United States ex rel. Knauff v. Shaughnessy*, 338 U. S. 537, 543 (1950).

The Supreme Court has "assumed that a narrow exception . . . exists 'when the denial of a visa allegedly burdens the constitutional rights of a U.S. citizen.'" *Id.*, quoting *Trump v. Hawaii*, 585 U.S. 667, 703 (2018). In *Mandel*, several citizen plaintiffs challenged the denial of a Belgian journalist's visa application, arguing that the denial burdened their asserted First Amendment right to engage with the journalist's ideas. 408 U.S. at 756, 760. The Court declined the government's invitation to hold that the Executive has a broad and unreviewable power to exclude non-citizens from entry for "any reason or no reason" at all. *Id.* at 769. Rather, it noted that the government had stated its reason for excluding Mandel. The Court then examined that reason and deemed it "facially legitimate and bona

6

fide." *Id.* The Court concluded that it would "neither look behind the [Executive's] exercise of th[e] discretion, nor test it by balancing its justification against the First Amendment interests." *Id.* at 770. The Court thus had no need to address a situation in which a citizen's constitutional rights were adversely affected by the exclusion of a non-citizen for no stated reason at all, or for a stated reason that was not "facially legitimate and bona fide." *See id.*

In light of that decision, in *Trump v. Hawaii*, the Court was careful to note that it "has engaged in a circumscribed judicial inquiry when the denial of a visa allegedly burdens the constitutional rights of a U.S. citizen." 585 U.S. at 703. Even in that circumstance, however, the inquiry was strictly limited to "whether the Executive gave a 'facially legitimate and bona fide' reason for its action." *Id.*, quoting *Mandel*, 408 U.S. at 769. The Court has never suggested that the doctrine of consular nonreviewability is subject to any exception where the visa denial does not burden the constitutional rights of a citizen and, even where it does, the citizen plaintiff cannot prevail if the government has stated a facially legitimate and good faith reason for the denial.

Plaintiffs appear to concede that they lack a constitutional right to reunite with their parent or sibling – and wisely so. *Muñoz* made clear that "a citizen

7

does not have a fundamental liberty interest in her noncitizen spouse being admitted to the country." 602 U.S. at 909. Plaintiffs point us to no reason – and we find none – to treat a citizen sponsoring a parent or sibling differently from one sponsoring a spouse. *See Kane v. U.S. Att'y Gen.*, No. 23-14192, 2024 WL 3650239, *1, *7–8 (11th Cir. Aug. 5, 2024) (applying *Muñoz* in declining to review the denial of a citizen's petition on behalf of his non-citizen wife and her children).

Plaintiffs attempt to salvage their claims by arguing that the "facially legitimate and bona fide" test applies "regardless of whether they can assert a fundamental right." Appellants' Br. 15. That argument finds no basis in the case law. As the Supreme Court noted in *Mandel*, it is "clear" that "an unadmitted and nonresident alien[] ha[s] no constitutional right of entry to this country as a nonimmigrant or otherwise." 408 U.S. at 762. The claims considered in that case, and in subsequent Supreme Court cases, were rooted in the alleged constitutional rights of citizen plaintiffs. In *Muñoz*, after reasserting that the action of executive officers in admitting or excluding non-citizens is, as a general rule, "'final and conclusive,'" 602 U.S. at 908, quoting *Shaughnessy*, 338 U.S. at 543, the Court synthesized its prior decisions and noted that it had "assumed that a narrow

8

exception to th[e] bar [on judicial review of consular decisions] exists 'when the denial of a visa allegedly burdens the constitutional rights of a U.S. citizen,'" in which case "the Court has considered whether the Executive gave a '"facially legitimate and bona fide reason"' for denying the visa." 602 U.S. at 908, quoting first *Trump v. Hawaii*, 585 U.S. at 703, then *Kerry v. Din*, 576 U.S. 86, 103–104 (2015) (Kennedy, J., concurring in the judgment, in turn quoting *Mandel*, 408 U.S. at 770). The Court thus made unmistakably clear that the exception that it assumed exists permits judicial overruling of a consular decision only when the decision *both* burdens the constitutional rights of a citizen *and* lacks a legitimate and bona fide reason. Since the first of those conditions does not exist here, we have no occasion to consider whether the district court correctly concluded that the second was not present either.[3]

---

[3] The cases on which plaintiffs rely are not to the contrary. *See Kerry*, 576 U.S. at 104 (Kennedy, J., concurring in the judgment) (evaluating the government's reason *after* "assuming [the citizen's] rights were burdened directly by the visa denial"); *Burrafato v. U.S. Dep't of State*, 523 F.2d 554, 556–57 (2d Cir. 1975) (affirming the refusal to review a visa denial because "no constitutional rights of American citizens . . . [we]re 'implicated.'"). *Fiallo v. Bell* and *Sessions v. Morales-Santana* are inapposite, as those cases reviewed refusals to find a qualifying relationship, not a consular officer's denial of a visa to a qualified relative. *See Fiallo v. Bell*, 430 U.S. 787, 788, 790 (1977); *Sessions v. Morales-Santana*, 582 U.S. 47, 51–52 (2017).

Finally, we agree with the district court that plaintiffs do not state a claim for untimeliness. Plaintiffs' argument has nothing to do with the timing of the consular officers' decisions, which were issued promptly. Rather, their argument reiterates their challenge to the underlying reason for the denials as not facially legitimate or bona fide. A disagreement on the merits does not make out an untimeliness claim.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the judgment of the district court.